EFFRON SMITH v. EUGENE W. RAWLINS.

(Filed 28 September, 1960.)

**1. Automobiles § 14—**

The violation of the provisions of G.S. 20-152(a) prohibiting the driver of a motor vehicle from following another vehicle more closely than is reasonable and prudent with regard to the safety of others, the traffic and the condition of the highway, is negligence *per se,* and is actionable if injury proximately results therefrom.

**2. Automobiles § 7—**

It is the duty of a motorist to exercise that degree of care which an ordinarily prudent person would exercise under similar circumstances, and in the exercise of such care it is incumbent upon him to keep his vehicle under control and to keep a reasonably careful lookout so as to avoid collision with persons or vehicles upon the highway.

**3. Trial § 22a—**

Upon motion to nonsuit, plaintiff's evidence is to be taken as true and considered in the light most favorable to him, giving him the benefit of every reasonable intendment upon the evidence and every legitimate inference to be drawn therefrom.

**4. Automobiles §§ 41d, 42c—**

Evidence tending to show that plaintiff, in a line of traffic, stopped when some four cars ahead of him stopped, and that after he had been stopped in the line of traffic for some thirty seconds he was struck from the rear by the automobile driven by defendant, *is held* sufficient to be submitted to the jury on the issue of defendant's negligence in following plaintiff's vehicle too closely or in failing to keep a proper lookout, and not to show contributory negligence as a matter of law on the part of plaintiff.

**5. Negligence § 26—**

   Contributory negligence is an affirmative defense, and nonsuit on the ground of contributory negligence is proper only when plaintiff's own evidence establishes the defense so clearly that no other reasonable conclusion can be drawn from plaintiff's evidence.

APPEAL by plaintiff from *Bundy, J.,* 30 March 1960 Civil Term, of ONSLOW.

Civil action to recover damages for personal injuries and damage to an automobile. Defendant in his answer denies that he was negligent in any respect in the operation of his automobile, and pleads, if he were negligent, contributory negligence of plaintiff as a bar to recovery.

From a judgment of involuntary nonsuit entered at the close of plaintiff's case, plaintiff appeals.

*Joseph C. Olschner for plaintiff, appellant.*

*James and Speight and William C. Brewer, Jr., for defendant, appellee.*

PARKER, J.  Plaintiff's evidence consists of his own testimony, and the testimony of doctors in respect to his injuries.

Plaintiff's testimony tends to show the following: He is employed as Head Engineer at the steam plant, which is located on the Air Facility, Camp Lejeune, North Carolina. Plaintiff testified as follows: "On September 4, 1958, at about 4:10 p. m. after completing a days work, I started to drive to my home. I was driving my car, a 1951 Studebaker, and was proceeding in a westerly direction along a road that connects Camp Lejeune and U. S. Highway #17. I was in a line of traffic, there were four cars in front of me, when the traffic stopped, I stopped and after being stopped for about 30 seconds the rear of my car was struck by an automobile driven by the defendant. I was knocked forward for a distance about the length of a car, I was shocked and my head was snapped back." Following the impact plaintiff got out of his automobile, and talked to the defendant, Captain Rawlins. The rear bumper of plaintiff's automobile was bent in about four inches, its trailer hitch was pushed in and sprung open, and the front seat was knocked out of the seat track.

N.C. G.S. 20-152(a), and the complaint alleges a violation of this statute, provides "the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent,

with regard for the safety of others and due regard to the speed of such vehicles and the traffic upon and the condition of the highway" (In N. C. G.S. Vol. 1 C, 1953, the word "and" preceeding the words "the condition of the highway" by inadvertence was omitted. Public Laws of North Carolina, Regular Session 1937, Ch. 407, §114(a), p. 837; G.S. N.C. Vol. 1, Motor Vehicles, Ch. 20, §20-152(a), 1943).

A violation of N.C. G.S. 20-152(a) is negligence *per se*, and if injury proximately results therefrom, it is actionable. *Murray v. R. R.*, 218 N.C. 392, 11 S.E. 2d 326; *Cozart v. Hudson*, 239 N.C. 279, 78 S.E. 2d 881; *Crotts v. Transportation Co.*, 246 N.C. 420, 98 S.E. 2d 502.

This Court said in *Badders v. Lassiter*, 240 N.C. 413, 82 S.E. 2d 357: "It is a general rule of law that the operator of a motor vehicle must exercise ordinary care, that is, that degree of care which an ordinarily prudent person would exercise under similar circumstances. And in the exercise of such duty it is incumbent upon the operator of a motor vehicle to keep same under control, and to keep a reasonably careful lookout, so as to avoid collision with persons and vehicles upon the highway."

Accepting plaintiff's evidence as true (*Polansky v. Ins. Asso.*, 238 N.C. 427, 78 S.E. 2d 213), and considering his evidence in the light most favorable to him, and giving to him the benefit of every reasonable intendment upon the evidence and every legitimate inference to be drawn therefrom (*Bridges v. Graham*, 246 N.C. 371, 98 S.E. 2d 492), as we are required to do in passing on the motion for judgment of involuntary nonsuit, it permits a legitimate inference by a jury that defendant was following plaintiff's automobile ahead more closely than was reasonable and prudent, with regard for the safety of others and due regard to the speed of such vehicles ahead and the traffic upon and the condition of the highway, or was not keeping a reasonably careful lookout considering the conditions then and there existing, so as to avoid collision with plaintiff's automobile ahead, and that such negligence proximately contributed to plaintiff's injuries and damage to his automobile. 10 Blashfield Cyclopedia of Automobile Law and Practice, Per. Ed., Vol. 10, p. 600, says: "The mere fact of a collision with a vehicle ahead furnishes some evidence that the following motorist was negligent as to speed or was following too closely."

This Court said in *Pruett v. Inman*, 252 N.C. 520, 114 S.E. 2d 360: "Contributory negligence is an affirmative defense which the defendant must plead and prove. G.S. 1-139. Nevertheless the rule is firmly em-

bedded in our adjective law that a defendant may avail himself of his plea of contributory negligence by a motion for a compulsory judgment of nonsuit under G.S. 1-183, when the facts necessary to show contributory negligence are established so clearly by plaintiff's own evidence that no other conclusion can be reasonably drawn therefrom. (Citing authorities) . . . . 'Only when plaintiff proves himself out of court is he to be nonsuited on the evidence of contributory negligence.' *Lincoln v. R. R.*, 207 N.C. 787, 178 S.E. 601."

Defendant in his brief contends the judgment of involuntary nonsuit should be upheld, for the reason that plaintiff has no evidence tending to show negligence on defendant's part. He does not contend that plaintiff's action is barred on the ground of contributory negligence on plaintiff's part. The judgment of involuntary nonsuit does not specify upon what ground it was based.

In our opinion, plaintiff's evidence is sufficient to carry his case to the jury on the ground of actionable negligence on the part of the defendant, and that plaintiff has not proved himself out of court, so as to require the entry of a judgment of involuntary nonsuit on the ground of contributory negligence.

The judgment below is

Reversed.