ISAAC AVERY CLONTZ v. N. B. KRIMMINGER TRADING AND DOING BUSINESS AS KRIMMINGER CANDY COMPANY, AND PAUL JUDSON SMITH, ORIGINAL DEFENDANTS, AND DAVID LEE STILWELL, ADDITIONAL DEFENDANT.

(Filed 2 November, 1960.)

**1. Trial § 22a—**

On motion to nonsuit, plaintiff's evidence will be considered in the light most favorable to him, giving him the benefit of every reasonable inference to be drawn therefrom.

**2. Automobile § 7—**

It is the duty of a motorist to exercise that degree of care which an ordinarily prudent person would exercise under similar circumstances, which requires him not merely to look, but to keep a lookout in his direction of travel, and he is held to the duty of seeing what he ought to have seen.

CLONTZ *v.* KRIMMINGER.

**3. Automobiles § 42d—**

    Evidence tending to show that plaintiff was following defendant's vehicle upon a highway on a foggy morning while it was still dark, that plaintiff at all times could see the tail lights of the defendant's vehicle, that defendant stopped his vehicle without signal, and that plaintiff was within fifteen feet thereof before he realized the vehicle had stopped, and had insufficient time to either apply his brakes or to turn aside in order to avoid a collision, *is held* to disclose contributory negligence on the part of plaintiff as a matter of law, barring recovery even conceding there was sufficient evidence of negligence on the part of defendant.

**4. Negligence § 26—**

    Where plaintiff's own evidence discloses contributory negligence constituting a proximate cause of the injury, nonsuit is proper since, in such instance, plaintiff proves himself out of court.

APPEAL by the original defendants from *Craven, Special J.,* at Special June 20, 1960 Civil Term, of MECKLENBURG.

Civil action to recover damages for personal injuries and property damage growing out of a motor vehicle collision which occurred in Mecklenburg County, North Carolina.

The record on this appeal shows that the plaintiff instituted this action against the original defendants, Paul Judson Smith and N. B. Krimminger, and that the original defendants had the additional defendant, David Lee Stilwell, made a party to the action in accordance with G.S. 1-240 providing for contribution among joint *tort-feasors.*

The evidence shows the following: On 14 January 1959, at approximately 6:30 A.M., the defendant Paul Judson Smith was driving a Chevrolet truck owned by his employer, the defendant N. B. Krimminger, in a westerly direction along the Albemarle Road toward the city of Charlotte, North Carolina. It was at this time still dark, and foggy, and the pavement was wet. The plaintiff, driving his Ford pick-up truck along the same road at the same time, was proceeding in the same direction as the defendant Smith and was traveling behind the truck operated by him. The additional defendant, David Lee Stilwell, was likewise traveling along the same road in his 1953 Ford automobile in a westerly direction, behind the plaintiff. After the three vehicles had been thus proceeding for a distance shown by conflicting evidence to be anywhere from a quarter of a mile to a mile, the defendant Smith stopped the truck he was driving, and the plaintiff ran into the rear end of the Smith truck, and shortly thereafter the Stilwell automobile collided with the plaintiff's pick-up truck.

Upon trial in Superior Court the plaintiff, as shown by the record, testified in pertinent part substantially as follows:

" * * * On or about January 14, 1959, I was driving from Midland, N. C., to Charlotte. I was driving a 1953 Ford pick-up truck, which I owned. I was traveling along Highway 27, which runs in a generally east-west direction. I was going west. This highway, in my opinion, is 20 to 25 feet wide. The time was approximately 6:30 A.M. It was dark. As to the weather conditions other than darkness, it was foggy. The road was damp, wet. There was a vehicle in front of me. I noticed it sometime prior to the accident— about a quarter of a mile down the road from where the accident happened, that is, east of the point of the accident. That vehicle was a Chevrolet panel truck. It had a sign on it which I later saw 'Krimminger Candy Company.' I later found out that the truck was being driven by Mr. Smith. The first time I saw the truck was when he pulled in front of me somewhere down the road. I don't exactly know where it was; I came up behind him. I followed him along the highway, and I reached an intersection. At the intersection I slowed down because there was a ditch across the road where they were putting in pipe lines. I would say it was about four inches deep."

And to the question "Did you ever see the truck again from that point until the time you had the collision?" the plaintiff answered: "That truck pulled on up from crossing there and the next time I saw him was when I hit him. The point of impact was approximately 300 feet from the crossing. As I approached the point of impact, I was travelling between 20 and 30 miles an hour. I was alone. From the intersection to the point where the collision took place, is three to four hundred feet, somewhere. At the particular spot where the collision took place, you couldn't see too far ahead because the fog had closed in between the trees on each side all the way down the highway. On each side of the highway there are these heavy oak trees and the fog settled in the road right along those trees.

"As to what happened as I traveled along the road after leaving the intersection, the first thing I saw was the truck sitting in the middle of the road and I didn't see any signs of his stopping, no hand signal, no stop lights or anything. Immediately upon seeing the vehicle stopped in the road, I raised my foot to put on my brakes to stop, but I didn't make any skid marks on the road. I did not get a chance to apply my brakes before the collision. As to how far I was from the stopped truck that was there in the road when I first saw it, I was approximately 100 feet, — no, I wasn't that far

from it when I came up to the back of the truck. In the fog, I was right on it, within 15 feet. I am talking about the Krimminger Candy Company truck. With reference to the road there, it is a straight road, level and at that point was wet. * * * I didn't notice any cars coming from the opposite direction at the time of the collision. * * * Assuming an imaginary line running in the center of the road, the Krimminger vehicle was sitting on the right-hand side of the line. It would be on the right-hand side, in the right lane. No part of the Krimminger truck was off of the road at the time of the collision."

And on cross-examination the plaintiff testified in pertinent part as follows: " * * * I had followed along behind Mr. Smith's panel truck approximately a quarter of a mile before the wreck. I had been behind him about a quarter of a mile. I had never caught up with him. When I first saw him, he was going up the highway. As to how close I caught up with him, it was approximately a hundred feet. I saw his tail lights when I first got behind him."

And in answer to the question: "Now, then, as you came down to the scene of the accident, did you lose sight of Mr. Krimminger's truck?" the plaintiff said: "I didn't lose sight of the truck at all; I never did see the truck. I seen the truck's lights all the way up the road, but in the fog his truck still looked to me like it was going up the highway. I could still see his tail lights. The fog interfered with my vision as I came in there. I saw no brake light come on, no flashing brake light come on, none whatever. The headlights on my car were burning all right. * * * The greatest distance that the Krimminger vehicle got in front of me, after I left the intersection was approximately 100 feet. I do not think he ever got more than about 100 feet in front of me. As I went on down there after I left the intersection, I was traveling between 20 and 30 miles an hour. When I saw the Krimminger vehicle in front of me, I didn't have time to do nothing. I was already pulled over to pass this other car when I saw him stopped in the road. I didn't have a chance to turn to my left to try to avoid the Krimminger truck. Where the wreck happened, the fog was heavier than further back down the road. I could see the car on ahead of me as I approached it."

From verdict and judgment in favor of the plaintiff against the original defendants, Paul Judson Smith and N. B. Krimminger, and denying any right to contribution from the additional defendant, David Lee Stilwell, the original defendants appeal to Supreme Court and assign error.

*Sedberry, Sanders & Walker for plaintiff, appellee.*
*R. Cartwright Carmichael, Jr., Kennedy, Covington, Lobdell & Hickman for original defendants, appellants.*
*Carpenter & Webb for additional defendant, appellee.*

WINBORNE, C. J.  Of the many assignments of error set forth in the record of case on appeal, the determinative question is predicated upon exceptions to the trial court's denial of defendants' motion for judgment as of nonsuit first made at the close of plaintiff's evidence, and aptly renewed at the close of all the evidence.

Taking the evidence offered upon the trial in the light most favorable to plaintiff and giving to him the benefit of every reasonable intendment upon the evidence and every reasonable inference to be drawn therefrom, as is done when considering motion for judgment of nonsuit, this Court is of opinion that the error assigned is well taken.

Indeed it may be conceded for the purposes of considering this question that there is sufficient evidence of negligence on the part of defendant Smith to repel the motion. Thus the inquiry is narrowed to the issue of contributory negligence. In this respect it appears from the testimony of the plaintiff that he was negligent, as a matter of law, and that his negligence contributed to his injury and damage.

"The mere fact of a collision with a vehicle ahead furnishes some evidence that the following motorist was negligent as to speed or was following too closely." 10 Blashfield's Cyc. of Automobile Law and Practice, Per. Ed., Vol. 10 p. 600. And in *Wall v. Bain,* 222 N.C. 375, 23 S.E. 2d 333, the Court laid down the following rule: "It is the duty of the driver of a motor vehicle not merely to look, but to keep an outlook in the direction of travel, and he is held to the duty of seeing what he ought to have seen."

It is also a general rule of law in North Carolina "that the operator of a motor vehicle must exercise ordinary care, that is, that degree of care which an ordinarily prudent person would exercise under similar circumstances. And in the exercise of such duty it is incumbent upon the operator of a motor vehicle to keep same under control, and to keep a reasonably careful lookout, so as to avoid collision with persons and vehicles upon the highway." *Smith v. Rawlins, ante,* 67.

It would seem, therefore, that when the testimony of the plaintiff is applied to the rules laid down by this Court that the defendants' motion for nonsuit should have been granted. The plaintiff's own evidence shows that he could at all times see the tail lights

of the defendant's truck; that he was within 15 feet of the defendant's truck before he realized that it had stopped, and that by this time it was too late for him to either apply his brake or to turn aside in order to avoid a collision. This evidence when viewed in the light most favorable to the plaintiff compels the conclusion that plaintiff did not act as a reasonably prudent man under the circumstances and contributed to his own injury and damage.

As *Chief Justice Stacy* wrote in *Godwin v. R. R.*, 220 N.C. 281, 17 S.E. 2d 137: "It is the prevailing and permissible rule of practice to enter judgment of nonsuit in a negligence case, when it appears from the evidence offered on behalf of the plaintiff that his own negligence was the proximate cause of the injury, or one of them. The plaintiff thus proves himself out of court. It need not appear that his negligence was the sole proximate cause of the injury, as this would exclude any idea of negligence on the part of the defendant. It is enough if it contribute to the injury. The very term 'contributory negligence' *ex vi termini* implies that it need not be the sole cause of the injury. The plaintiff may not recover, in an action like the present, when his negligence concurs with the negligence of the defendant in proximately producing the injury."

To the same effect are the following cases: *Austin v. Overton*, 222 N.C. 89, 21 S.E. 2d 887; *Fawley v. Bobo*, 231 N.C. 203, 56 S.E. 2d 419; *Moore v. Boone*, 231 N.C. 494, 57 S.E. 2d 783.

Having so decided, other questions presented on this appeal need not be considered.

The judgment below is

Reversed.