CLARA H. BURNETT v. WILLIAM P. CORBETT AND ADRIAN VERZAAL, TRADING AND DOING BUSINESS AS DIXIE BLUE FARMS AND TRADING AND DOING BUSINESS AS HILTON GARDEN CENTER,
AND
RICHARD L. BURNETT v. WILLIAM P. CORBETT AND ADRIAN VERZAAL, TRADING AND DOING BUSINESS AS DIXIE BLUE FARMS AND TRADING AND DOING BUSINESS AS HILTON GARDEN CENTER.

(Filed 28 April, 1965.)

**1. Automobiles § 10—**

The violation of the statutory requirement that a motorist not follow a preceding vehicle more closely than is reasonable and prudent under the circumstances is negligence *per se*, and ordinarily the mere fact of a collision with the vehicle ahead furnishes some evidence that the motorist to the rear was not keeping a proper lookout or that he was following too closely.

**2. Automobiles § 42d—**

Evidence tending to show that defendant's truck, approaching from the opposite direction, suddenly ran to its left across the highway in front of

the vehicle preceding plaintiff, that the driver of the vehicle preceding plaintiff was able to stop without hitting the truck, but that plaintiff was unable to stop before hitting the preceding vehicle, *held* sufficient to show that plaintiff was following the preceding vehicle too closely and that she was not keeping a proper lookout, constituting contributory negligence as a matter of law.

APPEAL by plaintiffs from *Bundy, J.,* September 1964 Civil Session of NEW HANOVER.

Consolidated actions for personal injuries and property damages, respectively.

These two cases grow out of an automobile collision which occurred about 2:00 p.m. on September 1, 1962, in a 45 MPH speed zone on Oleander Drive (highways 74 and 76) a mile or less east of the city limits of Wilmington. The weather was clear, and the four-lane highway was dry and straight. Plaintiffs allege and offer evidence tending to establish these facts: Plaintiff Mrs. Burnett, operating the automobile which her husband furnished her, was traveling toward Wilmington in the outside lane for westbound traffic. She was following another automobile, being driven in the same lane by Mrs. Ethel Moore. A pickup truck, operated by defendant Corbett at a speed of 50 MPH, was approaching these two vehicles from the opposite direction, traveling toward Wrightsville Beach. Corbett applied his brakes suddenly. "As a result his brakes caught, and he swerved, and he went across to the north side of Oleander Drive" ahead of Mrs. Moore's car. She was able to stop without hitting the truck, which came to rest on the north shoulder. Mrs. Burnett struck the Moore car in the rear. In the collision Mrs. Burnett received sprains, and Mr. Burnett's car was damaged in the amount of $1,000.00. The truck collided neither with the Moore nor with the Burnett car.

At the conclusion of plaintiffs' evidence, defendants moved for judgment of nonsuit. The court allowed each motion and dismissed both actions as to each defendant. Plaintiffs appeal only from the dismissal of the actions as to defendant Corbett.

*Addison Hewlett, Jr., for plaintiffs, appellants.*
*Hogue, Hill & Rowe for William P. Corbett, defendant, appellee.*

SHARP, J. This appeal involves only the question of nonsuit. We may concede, as defendant tacitly does, that plaintiffs offered sufficient evidence of his negligence to repel the motion. Thus the inquiry is confined to this question: Does the evidence establish as a matter of law that negligence on the part of Mrs. Burnett was a proximate cause of her personal injuries and of Mr. Burnett's property damage? *Clontz v.*

*Krimminger,* 253 N.C. 252, 116 S.E. 2d 804. Defendant contends, in accordance with his plea of contributory negligence, that plaintiffs' evidence discloses (1) that Mrs. Burnett, operating the automobile owned by her husband, was negligent in that (a) she failed to keep a proper lookout and (b) she was following the Moore vehicle closer than was reasonable and prudent under the circumstances; and (2) that Mrs. Burnett's negligence was one of the proximate causes of her collision with the vehicle ahead.

G.S. 20-152(a) provides: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, with regard for the safety of others and due regard to the speed of such vehicles and the traffic upon and condition of the highway." A violation of this section is negligence *per se,* and ordinarily the mere fact of a collision with the vehicle ahead furnishes some evidence that the motorist to the rear was not keeping a proper lookout or that he was following too closely. *Dunlap v. Lee,* 257 N.C. 447, 126 S.E. 2d 62; *Clontz v. Krimminger, supra; Smith v. Rawlins,* 253 N.C. 67, 116 S.E. 2d 184. See *Jones v. Atkins Co.,* 259 N.C. 655, 658, 131 S.E. 2d 371, 375; Annot., Driver's failure to maintain proper distance from motor vehicle ahead, 85 A.L.R. 2d 613.

Mrs. Burnett testified that she was traveling about 40 MPH some 40 feet behind Mrs. Moore. Under the circumstances this was too close. When Mrs. Burnett first saw the truck, it was coming across the highway west of Mrs. Moore "headed for her car, but she stopped before he got over there." Mrs. Burnett said, "I didn't see her come to a stop; she just stopped suddenly. I first saw her when I hit her." The conclusion is inescapable that Mrs. Burnett was following the Moore car too closely, that she was not keeping a proper lookout, and that these breaches were a proximate cause of the accident. *Black v. Milling Co.,* 257 N.C. 730, 127 S.E. 2d 515; *Crotts v. Transportation Co.,* 246 N.C. 420, 98 S.E. 2d 502.

The judgment of nonsuit is
Affirmed.