SOUTHERN RAILWAY COMPANY v. BOYD J. DOCKERY.

(Filed 24 April 1968.)

1. Trial § 19—

Motion to nonsuit presents the question whether the evidence, considered in the light most favorable to defendant, is sufficient to be submitted to the jury.

**2. Trial § 21—**

On motion to nonsuit, plaintiff is entitled to every reasonable inference to be drawn from his evidence and with all discrepancies and contradictions resolved in his favor.

**3. Negligence § 24a—**

In order to establish actionable negligence, plaintiff must show a failure to exercise proper care in the performance of some legal duty which defendant owed plaintiff under the circumstances and that such negligent breach of duty was the proximate cause of injury, which is that cause which produces the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all the facts as they existed.

**4. Negligence § 1—**

Negligence is the failure to exercise that degree of care for the safety of others or their property which a reasonably prudent man, under like circumstances, would exercise, and may consist either of acts of commission or omission.

**5. Automobiles § 8—**

It is the duty of a motorist to exercise that degree of care an ordinarily prudent person would exercise under similar circumstances, which requires him to keep his vehicle under control and to keep a reasonably careful lookout.

**6. Railroads § 5—**

Plaintiff's evidence tending to show that defendant, in attempting to traverse a paved railroad crossing, ran the front of his automobile off the paved surface into a ditch adjacent to the railroad, leaving the rear portion of the automobile across plaintiff's tracks where it was struck by plaintiff's train, *is held* sufficient to be submitted to the jury on the issue of defendant's negligence in not keeping his automobile under proper control or in not keeping a proper lookout.

APPEAL by plaintiff from *McLean, J.,* November 1967 Civil Session of GASTON Superior Court.

This is a civil action to recover damages to plaintiff's train sustained in a collision with defendant's automobile at the O'Quinn crossing near Lowell, in Gaston County. Defendant filed an answer to the complaint denying liability and setting up a counterclaim for damages to his automobile.

Plaintiff's evidence tended to show the following: N. C. Highway No. 7 runs parallel to plaintiff's tracks. The O'Quinn crossing connects said highway with an unpaved road running parallel to the tracks on the opposite side. At said crossing, plaintiff's tracks are several feet higher than the roads running on each side of the tracks, thereby making an incline at each end of the O'Quinn cross-

ing. The road constituting the crossing is paved for a width of 13 or 15 feet.

On the morning of 3 November 1965, at approximately 1:30 a.m., defendant drove his car from Highway No. 7 onto the O'Quinn crossing, and as he was traveling over the last tracks, his car left the pavement on the right, and the front of his car went into a ditch between the tracks and the unpaved road, with the result that the rear portion of the car lodged across plaintiff's track.

Plaintiff's evidence showed that defendant made the statement following the collision that he was blinded by an oncoming car which caused him to turn too far to the right.

Defendant attempted to back his car out of the ditch and off the tracks but was unsuccessful. After being in the ditch for some five or six minutes, he heard and saw plaintiff's train approaching at about 60 miles per hour. Defendant took his flashlight and attempted to stop the train, but his efforts were unsuccessful.

Plaintiff's engineer testified that he saw the automobile when the train was approximately 700 to 800 feet from it, that he immediately applied emergency brakes, but the train struck the car and traveled approximately one-half mile up the track after the collision. There were no speed restrictions on the train applicable to the area..

Plaintiff alleges that its locomotive was extensively damaged in the collision and that said damage was proximately caused by the negligence of the defendant.

Plaintiff specifically alleges that defendant (1) drove his automobile off the paved portion of the highway onto the tracks of the plaintiff, (2) approached the tracks in a careless and reckless manner, (3) failed to keep his automobile under proper control, and (4) failed to keep a proper lookout.

At the close of plaintiff's evidence, defendant moved for judgment of involuntary nonsuit and the motion was allowed. Defendant then submitted to judgment of voluntary nonsuit on his counterclaim. Plaintiff appealed.

*Mullen, Holland & Harrell by James Mullen, and W. T. Joyner, attorneys for plaintiff appellant.*

*E. R. Warren and Sanders & Lafar by Julius T. Sanders, attorneys for defendant appellee.*

BRITT, J.   Plaintiff's two assignments of error relate to the allowance of defendant's motion for judgment as of involuntary nonsuit and the entry of judgment thereon.

Certain well-established principles of law pertinent to this appeal.

are succinctly stated by Parker, C.J., in the recent case of *Cutts v. Casey*, 271 N.C. 165, 155 S.E. 2d 519, as follows:

"A motion to nonsuit presents the question whether the evidence considered in the light most favorable to plaintiff is sufficient to be submitted to the jury. *Walker v. Story*, 256 N.C. 453, 124 S.E. 2d 113. Discrepancies and contradictions in plaintiff's evidence are for the jury, not the court. *Clinard v. Trust Co.*, 264 N.C. 247, 141 S.E. 2d 271. Plaintiff is entitled to every reasonable inference to be drawn from his evidence. *Pinyan v. Settle*, 263 N.C. 578, 139 S.E. 2d 863."

In order to establish a case of actionable negligence in this suit, plaintiff must show: First, that there has been a failure to exercise proper care in the performance of some legal duty which the defendant owed the plaintiff, under the circumstances in which they were placed; and, second, that such negligent breach of duty was the proximate cause of the injury — a cause that produced the result in continuous sequence and without which it would not have occurred, and one from which any man of ordinary prudence could have foreseen that such a result was probable under all the facts as they existed. *Mattingly v. R. R.*, 253 N.C. 746, 117 S.E. 2d 844; *Ramsbottom v. R. R.*, 138 N.C. 38, 50 S.E. 448.

Negligence is the failure to exercise that degree of care for the safety of other persons or their property which a reasonably prudent man, under like circumstances, would exercise, and may consist either of acts of commission or omission. 3 Strong, N. C. Index, Negligence, § 1, p. 442, and cases therein cited.

It is also a general rule of law in North Carolina that the operator of a motor vehicle must exercise ordinary care, that is, that degree of care which an ordinarily prudent person would exercise under similar circumstances. And in the exercise of such duty it is incumbent upon the operator of a motor vehicle to keep same under control, and to keep a reasonably careful lookout. *Mattingly v. R. R.*, supra; *Smith v. Rawlins*, 253 N.C. 67, 116 S.E. 2d 184, 185; *Clontz v. Krimminger*, 253 N.C. 252, 116 S.E. 2d 804.

The evidence presented by plaintiff in this action when viewed in the light most favorable to plaintiff is sufficient to justify, though not necessarily to impel, the inference of negligence on the part of the defendant. Hence, an issue arises for the determination of the jury. *Peeden v. Tait*, 254 N.C. 489, 119 S.E. 2d 450.

The testimony would support the inference that the defendant, in crossing plaintiff's tracks, did not keep his automobile under proper control or did not keep a proper lookout. Although defendant

contends that he was blinded by a car which he was meeting, a question of fact to be decided by the jury arises. *Williams v. Express Lines*, 198 N.C. 193, 151 S.E. 197.

In his brief, defendant does not argue contributory negligence as a matter of law on the part of plaintiff. We hold that plaintiff's evidence does not disclose contributory negligence as a matter of law.

The trial court erred in granting defendant's motion for judgment as of involuntary nonsuit, necessitating a

New trial.

CAMPBELL and MORRIS, JJ., concur.