FRED COLE T/A COLE'S RADIO & TV SERVICE v. ROBERT JAMES VOGEL
— AND —
ELSIE F. COLE v. ROBERT JAMES VOGEL

No. 708DC48

(Filed 24 June 1970)

**Automobiles § 56— striking rear of stopped automobile — failure to keep proper lookout**

Plaintiffs' evidence was sufficient to go to the jury on the issue of defendant's negligence in failing to keep a proper lookout, where it tends to show that defendant's automobile ran into the back of an automobile which had stopped in the road with its left turn signal on and then continued down the road and struck plaintiffs' oncoming vehicle.

APPEAL by plaintiffs from *Wooten, District Judge,* 27 July 1969 Session of the District Court held in LENOIR County.

This appeal arises from two actions which were consolidated for trial. The Fred Cole action is for property damage and the Elsie F. Cole action is for damages for personal injuries. The damages sought in each action allegedly resulted from the negligence of defendant Vogel in the operation of an automobile which was in collision with the Cole vehicle on 16 March 1966. At the close of plaintiffs' evidence, the motion of defendant in each case for judgment as of nonsuit was sustained. Plaintiffs appealed.

*Turner and Harrison by Fred W. Harrison for plaintiff appellants.*

*Lucas, Rand, Rose, Meyer and Jones by David S. Orcutt for defendant· appellee.*

MALLARD, C.J.

Plaintiffs' evidence, in substance, except where quoted, was: Fred Cole was on 16 March 1966 the owner and driver of a 1966 Mercury station wagon. At the time of the collision, Elsie F. Cole, his wife, was a passenger in the vehicle. The collision occurred about 10 miles south of Jacksonville, North Carolina, on Highway 17 at a "T" intersection. The male plaintiff testified:

"As I approached this intersection I saw an automobile that was stopped and he had his left-hand turn signal on which led me to believe that he wanted to turn left. I later found out that this car was being operated by a man named Pierce. He had come to a complete stop. I was meeting the Pierce vehicle. Down the road about a city block I saw another car coming. It was

following Mr. Pierce. HE WAS COMING AT A PRETTY GOOD CLIP OF SPEED.

OBJECTION BY DEFENDANT    OBJECTION SUSTAINED EXCEPTION NO. 1".

Plaintiff later learned that the operator of the following vehicle was defendant Vogel. Defendant's automobile hit the back of the Pierce car and then continued down the road and hit the Cole car knocking it into a sign on the right side of the road.

The only assigned errors requiring discussion are the granting of the motion for nonsuit in each case. We think this was error.

In *Dunlap v. Lee*, 257 N.C. 447, 450, 126 S.E. 2d 62, 65 (1962), Moore, J., speaking for a unanimous Court, said:

> " 'Ordinarily the mere fact of a collision with a, vehicle ahead furnishes some evidence that the following motorist was negligent as to speed, was following too closely, or failed to keep a proper lookout.' *Clark v. Scheld*, 253 N.C. 732, 737, 117 S.E. 2d 838; *Clontz v. Krimminger*, 253 N.C. 252, 116 S.E. 2d 804; *Smith v. Rawlins*, 253 N.C. 67, 116 S.E. 2d 184. But the nature of the negligence, if any, depends upon the circumstances in each particular case. *Beaman v. Duncan*, 228 N.C. 600, 46 S.E. 2d 707."

In that case, plaintiff was proceeding southwardly following another car. The driver of that car gave a hand signal for a right turn for some 75 to 100 feet prior to turning. Plaintiff gave a mechanical right turn signal for about 75 feet, although she did not intend to turn, and came to a complete stop in her lane of traffic. She was not aware that defendant was following her. About the time the car in front of her cleared the highway, defendant's car ran into the rear of her car, causing only slight damage. Defendant's testimony on adverse examination, offered by plaintiff, was to the effect that he was following about four car lengths behind plaintiff; that both cars were traveling about 35 to 40 miles per hour; that when a passenger in defendant's vehicle cautioned him to "Watch that car in front of you", he stepped on his brakes and skidded into plaintiff's bumper; that plaintiff told him the car in front did not give a signal and she had no time to give a signal. There, as here, there was no direct evidence that defendant was following too closely. Indeed the direct evidence is to the contrary. There, as here, there was no direct evidence of excessive speed. The Court there concluded that defendant's testimony permitted the inference that he was not keeping a proper lookout. We are of the opinion that the evidence here per-

mits the same inference and the question of defendant's negligence should be for the jury.

New trial.

PARKER and GRAHAM, JJ., concur.