JAMES A. ROBERSON v. CITY COACH LINES

No. 7021SC364

(Filed 16 September 1970)

Automobiles § 76— contributory negligence — following too closely — proper lookout

> In a personal injury action arising out of a collision between plaintiff's automobile and defendant's bus, plaintiff's evidence discloses his contributory negligence as a matter of law in following the bus too closely and in failing to keep a proper lookout.

APPEAL by plaintiff from *Johnston, J.,* 26 January 1970 Session, FORSYTH Superior Court.

This is a civil action to recover compensation for damages to an automobile and personal injuries allegedly sustained as a result of a collision between an automobile owned and operated by the plaintiff James A. Roberson and a bus belonging to the defendant City Coach Lines. At the conclusion of the plaintiff's evidence, the defendant's motion for a directed verdict was allowed. From the judgment dismissing plaintiff's action, the plaintiff appealed to the North Carolina Court of Appeals.

*White, Cross and Pfefferkorn, by William G. Pfefferkorn, Joe P. McCollum, Jr., and Carl D. Downing, for the plaintiff appellant.*

*Hatfield, Allman and Hall, by Roy G. Hall, Jr., for the defendant appellee.*

Roberson v. Coach Lines

HEDRICK, J.

The determinative question presented on this appeal is whether the evidence discloses as a matter of law that the plaintiff's own negligence was one of the proximate causes of the collision between the automobile owned and operated by the plaintiff Roberson and the defendant's bus. When the evidence is reviewed and considered in its light most favorable to the plaintiff, it tends to establish the following facts: On 11 December 1967 at about 12:20 p.m. the plaintiff's automobile and the defendant's bus were being operated in an easterly direction in the same lane on Interstate Highway 40 within the City of Winston-Salem, North Carolina. The defendant's bus suddenly and without warning stopped and the plaintiff's automobile collided with the rear of the bus causing the damage and injuries complained of. Immediately before and at the time of the collision it was raining and the surface of the highway was wet and slippery. Plaintiff testified that the visibility was one-quarter to one-half mile and that he first saw the bus when it was a block or a block and a half in front of him, and that he first realized that it was stopping or stopped in his lane of travel when he was five or six car lengths behind the bus, and that he was unable to stop his automobile before colliding with the rear of the defendant's bus. A motorist is charged with the duty of keeping an outlook in the direction of travel and he is held to the duty of seeing what he ought to have seen. *Clontz v. Krimminger,* 253 N.C. 252, 116 S.E. 2d 804 (1960). "[O]rdinarily the mere fact of a collision with the vehicle ahead furnishes some evidence that the motorist to the rear was not keeping a proper lookout or that he was following too closely." *Burnett v. Corbett,* 264 N.C. 341, 141 S.E. 2d 468 (1965).

From the evidence in the instant case the conclusion is inescapable that the plaintiff was following the defendant's bus too closely, that he was not keeping a proper lookout, and that these breaches were at least a proximate cause of the collision and the injuries and damage suffered by the plaintiff. *Burnett v. Corbett, supra; Crotts v. Transportation Co.,* 246 N.C. 420, 98 S.E. 2d 502 (1957); *Black v. Milling Co.,* 257 N.C. 730, 127 S.E. 2d 515 (1962); *Fawley v. Bobo,* 231 N.C. 203, 56 S.E. 2d 419 (1949); *Clontz v. Krimminger, supra.*

The judgment appealed from is

Affirmed.

MALLARD, C.J., and PARKER, J., concur.