*293
 
 Tayeor, C. J. —
 

 A A'ery minute scrutiny of this charge might possibly detect something in it, which we do not feel to be quite right, while we should be utterly at a loss to pro\ e it to be wrong, from the absence of any standard whereby to measure judicial advice, upon subjects not provided for by law'.
 

 Its literal meaning would perhaps convey an impression of what was impracticable in itself, what the Judge did not intend, and what the audience did not understand. Collectively, the Jury could not place themselves in the Plaintiff’s situation, unless their temper, fortune, feelings, and standing in society, resemble his; and the attempt to do it, individually, would be an insuperable bar to an unanimous verdict. Such a rule of construrtion cannot be applied to these compositions with any useful or practical effect. They should be judged of according to their general scope and spirit, and if the whole mass is calculated to reflect a just light upon the path of the Jury,, the little shadow from the angles and corners may be well overlooked. Criticism should pronounce upon them in the liberal spirit of her philosophy, and not with the austerity of her logic. I think it probable, that the Jury understood it as admonitory to them to regard not merely the wrong sustained by the Plaintiff, but the provocation he had given, the effect produced on him, and the ability of the Defendant to make compensation, and to estimate the damages from a view of all the circumstances. It should certainly be understood as the Jury probably did understand it, under the recent impression of the evidence and arguments, and I cannot think its tendency was to lead them from the proper en-quiry. In this belief, I think the verdict ought to remain.
 

 And of this opinion were the other Judges.
 

 Judgment aeeirmeb,