BETTY B. DUNLAP v. WILLIAM EDWARD LEE.

(Filed 15 June 1962.)

1. **Automobile §§ 6, 64—**

The violation of either subsection of G.S. 20-140 constitutes culpable negligence and gives rise to both civil and criminal liability.

2. **Same—**

Failure to keep a reasonable lookout does not constitute reckless driving unless the failure is accompanied by a dangerous speed or perilous operation, G.S. 20-140(b), and therefore evidence supporting the conclusion that defendant failed to keep a proper lookout, without evidence of excessive speed or perilous operation, does not present the question of defendant's violation of that statute.

3. **Automobiles § 41f—**

The mere fact of collision with the rear of a preceding vehicle furnishes some evidence that the following motorist was negligent as to speed, in following too closely, or in failing to keep a proper lookout, but whether such accident is the result of culpable negligence depends upon the circumstances of each particular case, and evidence tending to show that failure to keep a proper lookout was the sole proximate cause of the rear-end collision is insufficient to present the question of defendant's violation of the reckless driving statute.

4. **Automobiles § 46—**

The evidence tended to show that defendant ran into the rear of plaintiff's car when plaintiff stopped in her proper lane of travel to permit a car preceding her to turn right into a driveway. The evidence further tended to show that the impact was slight and there was no evidence that defendant was traveling at excessive speed or was following plaintiff's vehicle too closely. *Held:* It was prejudicial error for the court to instruct the jury in regard to defendant's violation of G.S. 20-140(b).

5. **Trial § 32—**

A prime purpose of the charge is to eliminate irrelevant matter and causes of action, or allegations not supported by evidence, so that the jury may understand and appreciate the precise facts that are material and determinative.

6. **Trial § 33—**

It is error for the court to charge on an abstract principle of law which is not raised by proper pleading and supported by evidence.

7. **Damages § 15—**

In a personal injury suit it is error for the court to instruct the jury to the effect that the jurors, in fixing the amount of damages for pain and suffering, should each put himself in plaintiff's place and see how much it would be worth to him to suffer the pain inflicted upon plaintiff, since such instruction tends to permit the admeasurement of such damages through sympathy and thus varies and supersedes the established legal rule for the admeasurement of such damages.

APPEAL by defendant from *Phillips, J.,* October 1961 Civil Term of STOKES.

Action to recover damages for personal injury suffered by plaintiff when the automobile she was driving was struck in the rear by a pickup truck operated by defendant. The collision occurred about 1:00 P. M., 26 November 1959, on Highway 311 about 6 miles north of Walnut Cove, in Stokes County. Plaintiff was proceeding southwardly following another car. Her car was struck in the rear by the pickup when she stopped to permit the car in front to make a right turn into a driveway.

Plaintiff alleges that defendant was guilty of negligence, proximately causing injury to her person, in that he was (1) operating the pickup at a speed greater than was reasonable and prudent under the circumstances, in violation of G.S. 20-141, (2) violating the reckless driving statute, G.S. 20-140, subsections (a) and (b), (3) failing to keep a reasonable lookout, (4) neglecting to keep his vehicle under proper control, and (5) following too closely in violation of G.S. 20-152(a).

Defendant denies negligence on his part, but does not allege contributory negligence on the part of plaintiff.

Plaintiff's evidence is summarized in part as follows: The driver of the car in front of plaintiff gave a hand signal for a right turn for a distance of 75 to 100 feet before turning. Plaintiff gave a mechanical right turn signal for about 75 feet, though she did not intend to turn, and came to a complete stop in her proper lane of travel. She was not aware that defendant was following her. About the time the car in front cleared the highway, the collision occurred and plaintiff was knocked forward about a car's length. Highway 311 is a two-lane highway and is straight for 400 feet north of the point of collision. There was no traffic approaching from the south. The car plaintiff was driving had slight damage — there were small dents in the bumper, fender and trunk lid; the tail light was mashed in and broken and the tail pipe knocked loose. Defendant's bumper run under plaintiff's bumper. Defendant's grill was slightly damaged. Plaintiff lost 9 to 14 days from work. Her injury was diagnosed as a whiplash injury to her neck. Treatment consisted of physical therapy and medication for pain. She experiences soreness and stiffness in her neck and shoulders, especially in damp weather.

Defendant offered no evidence, but was examined adversely before trial. His testimony on adverse examination was introduced by plaintiff. It is to this effect: Defendant followed at about four car lengths behind plaintiff for a considerable distance. Both cars were travelling at the rate of 35 to 40 miles per hour. A passenger in the pickup said:

"Watch that car in front of you." Defendant "stepped on" his brakes and "skidded into her (plaintiff's) bumper." He left tire marks on the highway "approximately six feet in length." Plaintiff told defendant that the car in front did not give a signal and she did not have time to give a signal. She said she was not hurt. Both agreed not to wait for a patrolman — she was in a hurry to get back to work.

The jury answered the negligence issue in favor of plaintiff and awarded her $5,573.00 in damages. From judgment in accordance with the verdict, defendant appeals.

*John F. Ray, Robert F. Rush and Charles T. Myers for plaintiff.*
*Jordan, Wright, Henson & Nichols for defendant.*

MOORE, J.   Defendant makes five assignments of error based on fifteen exceptions. All, except formal exceptions, are to the charge.

Defendant contends that the court erred in charging that reckless driving was an element of negligence to be considered by the jury in this case. We agree.

Plaintiff alleged that defendant's conduct violated both subsections of the reckless driving statute. G.S. 20-140. The court charged only as to subsection (b), read the subsection to the jury, and stated: ". . . (T)he plaintiff insists and contends . . . that he (defendant) violated one section of the reckless driving statute which the court has read to you; and that you should find that the evidence of herself and defendant's own evidence in his Adverse Examination and all the evidence in the case that he did not drive his car at such a speed and in such a manner that he did not endanger or was not likely to endanger the plaintiff in the way and manner in which he drove his car, in that he was looking some other way than straight ahead. . . ."

A person may violate the reckless driving statute by either one of the two courses of conduct defined in subsections (a) and (b), or in both respects. *State v. Folger,* 211 N.C. 695, 191 S.E. 747. The language of each subsection constitutes culpable negligence. *State v. Roberson,* 240 N.C. 745, 83 S.E. 2d 798. Culpable negligence is such recklessness or carelessness, proximately resulting in injury or death, as imports a thoughtless disregard of consequences or heedless indifference to the safety and rights of others." *State v. Cope,* 204 N.C. 28, 30, 167 S.E. 456. A violation of G.S. 20-140 is negligence *per se. Stegall v. Sledge,* 247 N.C. 718, 102 S.E. 2d 115. It gives rise to both criminal and civil liability. *State v. McLean,* 234 N.C. 283, 67 S.E. 2d 75. A person who drives a vehicle upon a highway without due caution and circumspection *and* at a speed or in a manner so as to endanger or be likely to endanger any person or property is guilty of reckless driving.

G.S. 20-140(b). Mere failure to keep a reasonable lookout does not constitute reckless driving. To this must be added dangerous speed or perilous operation.

There was testimony from only two eyewitnesses to the accident, plaintiff and defendant. Plaintiff was unaware that defendant was following, and did not see him or his vehicle until after the collision. The impact was relatively slight. "Ordinarily the mere fact of a collision with a vehicle ahead furnishes some evidence that the following motorist was negligent as to speed, was following too closely, or failed to keep a proper lookout." *Clark v. Scheld*, 253 N.C. 732, 737, 117 S.E. 2d 838; *Clontz v. Krimminger*, 253 N.C. 252, 116 S.E. 2d 804; *Smith v. Rawlins*, 253 N.C. 67, 116 S.E. 2d 184. But the nature of the negligence, if any, depends upon the circumstances in each particular case. *Beaman v. Duncan*, 228 N.C. 600, 46 S.E. 2d 707. Defendant's testimony permits the inference that he was not keeping a reasonable lookout. There is no direct evidence in the record of excessive speed or that defendant was following too closely; the direct evidence is to the contrary. The evidence does not support the allegation of reckless driving. *Clark v. Scheld, supra; Andrews v. Sprott*, 249 N.C. 729, 107 S.E. 2d 560.

Furthermore, when the complaint is stripped of the allegations of law and the conclusions of the pleader, reckless driving is not alleged. Plaintiff merely alleges that defendant violated G.S. 20-140(b) "in that he failed to use due caution and circumspection and failed to keep his speed within proper driving range."

One of the most important purposes of the charge is "the elimination of irrelevant matters, and causes of action or allegations as to which no evidence has been offered, and (to) thereby let the jury understand and appreciate the precise facts that are material and determinative." *Irvin v. R. R.*, 164 N.C. 5, 18, 80 S.E. 78; *Fish Co. v. Snowden*, 233 N.C. 269, 63 S.E. 2d 557; *Lewis v. Watson*, 229 N.C. 20, 47 S.E. 2d 484; *State v. Jackson*, 228 N.C. 656, 46 S.E. 2d 858. An instruction about a material matter not based on sufficient evidence is erroneous. In other words, it is error to charge on an abstract principle of law not raised by proper pleading and not supported by any view of the evidence. *McGinnis v. Robinson*, 252 N.C. 574, 114 S.E. 2d 365; *Andrews v. Sprott, supra*. There was sufficient allegation and proof of negligence, other than reckless driving, to justify the jury's verdict on the negligence issue, but we cannot say that the verdict was not influenced by the court's view that recklessness was involved.

The court, after explaining to the jury the proper rule for measuring and assessing damages, further instructed them as follows: ". . . (S)he (plaintiff) insists and contends . . . that pain and suffering is

very difficult to evaluate in dollars and cents, but that the only way that you can do it is to use your good, common sense and *put yourself in her place and say how much it would be worth to you* to suffer approximately two years up until now, and then how much it would be worth to you to suffer especially in bad weather from six to twelve more months in the future, and put that down in round dollars and cents. . . ." Such expressions as that in italics have been universally held erroneous, and in some cases sufficiently prejudicial to warrant a new trial.

". . . (T)he court . . . should not draw their (the jury's) attention to the price for which they would be willing to suffer the injury for which they are to assess damages." 15 Am. Jur., Damages, s. 370, p. 809.

In *Paschall v. Williams*, 11 N.C. 292, plaintiff sued for damages suffered by reason of an assault and battery upon his person. The judge told the jury "to imagine themselves placed in a similar situation with the Plaintiff, what sum would they think sufficient to compensate them for such an injury; that in viewing the subject in this light, by giving to the Plaintiff what they would be willing to take, the justice of the case might be reached." While the court did not approve the instruction when taken literally, and deemed it impracticable as a rule for measuring damage, it thought that the jury might have considered it a direction "to estimate the damages from the view of all the circumstances," and declined to disturb the verdict.

In other jurisdictions the following instructions in personal injury suits were condemned, with the result and in the cases indicated: "You would not be willing to lose your arm for the world, or for the wealth of a Vanderbilt." Undesirable form, new trial on other grounds. *Kehler v. Schwenk*, 22 A. 910, 13 L.R.A. 374 (Pa. 1891). "A good many jurors do put themselves right in his place and say: 'What under the circumstances would I want for injuries and suffering of that kind.'" Further: "Not what they would take, but what they would want." Prejudicial error. *Greer v. Union Ry. Co.*, 103 N.Y.S. 88 (1907). "You may put yourself in her place and consider what you would be willing to take under the circumstances." New trial. *Rhodes v. Union Ry. Co.*, 102 N.Y.S. 510 (1907). "You know that the child will undergo much humiliation by reason of this disfiguring accident. You can appraise that by thinking of what would be your own humiliation and sense of mental suffering if you had to go through life with an arm off above the elbow and the other arm off below the elbow." Instruction not approved. *Virginia Ry. Co. v. Armentrout*, 166 F. 2d 400 (CC4C 1948). ". . . as you yourself would want to be awarded if you were the plaintiff and were entitled to have damages awarded." Erroneous,

new trial on other grounds. *McNamara v. Dionne,* 298 F. 2d 352 (CC2C 1961).

Such instructions in personal injury suits are considered erroneous for several reasons. They encourage verdicts based on sympathy in areas of the law in which jurors are already prone to sympathize. They tend to vary and supersede the established legal rule for the admeasurement of damages. If literally applied as a rule for assessing damages, such would be impracticable. "Collectively, the jury could not place themselves in the paintiff's situation, unless their temper, fortune, feelings, and standing in society, resemble his; and the attempt to do it, individually, would be an insuperable bar to an unanimous verdict." *Paschall v. Williams, supra.*

Damages for pain and suffering should be objectively arrived at. "The question in any given case is not what sum of money would be sufficient to induce a person to undergo voluntarily the pain and suffering for which recovery is sought or what it would cost to hire someone to undergo such suffering, but what, under all the circumstances, should be allowed the plaintiff in addition to the other items of damage to which he is entitled, in reasonable consideration of the suffering necessarily endured. The amount allowed must be fair and reasonable, free from sentimental or fanciful standards, and based upon the facts disclosed. In making the estimate the jury may consider the nature and extent of the injuries and the suffering occasioned by them and the duration thereof. They may also consider the age, health, habits, and pursuit of the injured party and his health and condition before the injury as compared with his condition in consequence thereof." 15 Am. Jur., Damages, s. 72, pp. 482, 483.

New trial.