LESTER C. SUGG, ADMINISTRATOR OF JOHN WAYNE SUGG, DECEASED v. JAMES H. BAKER, SR.

(Filed 12 December 1962.)

**1. Trial § 33—**

Even though the parties waive a recapitulation of the evidence, the court is required by statute to give a summary of the evidence sufficient to bring into focus the controlling legal principles and to apply the law to the evidence, and an instruction which leaves the application of the law to the evidence entirely to the jury does not meet the requirements of the statute. G.S. 1-180

**2. Automobiles § 64—**

Failure to keep a proper lookout may be, but is not necessarily, a component of reckless driving, and does not alone constitute reckless driving. G.S. 20-140.

**3. Automobiles §§ 41b, 46—**

In this action to recover for the wrongful death of a child, plaintiff alleged that defendant failed to keep a reasonable lookout and violated the reckless driving statute. An instruction of the court on plaintiff's evidence of defendant's failure to keep a proper lookout, that plaintiff contended that defendant violated the reckless driving statute, which the court then read to the jury, *is held* prejudicial as permitting the conclusion that the jury could not find that defendant was negligent under the rule of an ordinarily prudent man in failing to keep a reasonable lookout unless the jury also found that defendant was guilty of reckless driving as defined by statute.

**4. Trial § 33—**

It is error for the court to instruct the jury upon a principle of law even though alleged in the pleading, when there is no evidence presenting the matter.

**5. Trial § 32—**

One of the most important purposes of the charge is the elimination of irrelevant matters and causes of action or allegations as to which no evidence has been offered, and thereby to let the jury understand and appreciate the precise facts that are material and determinative.

APPEAL by plaintiff from *Bundy, J.,* February 1962 Term of GREENE. Action by plaintiff to recover damages for the alleged wrongful death of his intestate John Wayne Sugg, a child 2½ years of age. The child, while crossing a street, was struck and fatally injured by a motor vehicle driven by defendant. The accident occurred about 7:00 P.M., 12 July 1960, on Fourth Street in the town of Snow Hill. Defendant was driving northwardly along Fourth Street at a speed of 25 miles per hour. The street is 31 feet wide; it was dry and there was no other traffic. Defendant saw a man and two boys with a homemade motor scooter in a lane or driveway just off the west side of the street. His eyes were focused in their direction. He slackened speed to 15 or 20 miles per hour. He could see the street in front of him, but was watching the boys to see if they were going to drive the scooter into the street. On the east side of the street there was no sidewalk, and there was a hedge about 1 foot from and running parallel to the curb. The hedge was 4 or 5 feet high and extended to the driveway at the south edge of Ivan Godwin's lot. The view to defendant's right was also obstructed by other objects. Ivan Godwin's lot fronted on the street a distance of 50 feet. As defendant was passing this lot, travelling about 3 feet from the curb, he caught a glimpse of an object

proceeding into the street from the Godwin lawn. It was John Wayne Sugg (Godwin's grandchild), who had alighted from an automobile in the Godwin driveway and had proceeded across the lawn into the street. Defendant's right headlight struck the child. Defendant stopped at the curb about a car's length away. The child died within the hour.

Plaintiff alleges that defendant was negligent in the following respects (among others): (1) he failed to keep a reasonable lookout, and (2) he violated the reckless driving statute (G.S. 20-140).

The court submitted two issues — negligence and damages. The jury answered the negligence issue in favor of defendant, and the court entered judgment denying recovery and dismissing the action.

Plaintiff appeals.

*Jones, Reed & Griffin for plaintiff.*
*Whitaker & Jeffress for defendant.*

Moore, J. Instructing the jury, the court stated:

". . . (O)rdinarily in a case of this kind the Court would recapitulate and summarize the substance of the evidence. That is done unless the doing of that is waived by both of the parties. In this case the parties, through their counsel respectively have waived the Court recapitulating or summarizing the evidence."

The charge is entirely devoid of any summary of the evidence. There is no attempt to apply the law to the facts. The few contentions given are extremely general and conclusional and do not in any sense review the crucial facts. The final instruction on the first issue is:

". . . (I)f you find from the evidence and by its greater weight that the death of plaintiff's intestate was proximately caused by the negligence of the defendant as alleged in the complaint, applying these rules of law to the facts in the case, then it would be your duty to answer this issue 'Yes.' If you fail to so find, then it would be your duty to answer it 'No.'"

The charge does not comply with the requirement of G.S. 1-180. The court places upon the jury the duty which the statute imposes upon the judge, that is, to apply the law to the crucial facts in the case. The charge is for the guidance of the jury, not for the benefit of counsel. Even though the parties waive a recapitulation of the evidence, such waiver does not relieve the court of the duty to declare and explain the law arising on the evidence of the respective parties. It is not sufficient for the court to read a statute or to state the appli-

cable law bearing on an issue in controversy, and leave the jury unaided to apply the law to the facts. *Bulluck v. Long,* 256 N.C. 577, 124 S.E. 2d 716; *Brannon v. Ellis,* 240 N.C. 81, 81 S.E. 2d 196. "The court is not required to recapitulate the evidence, witness by witness. Nor is it required to instruct on subordinate features of the case without a proper request therefor. A summary of the material aspects of the evidence sufficient to bring into focus controlling legal principles is all that is required with respect to stating the evidence." *Rubber Co. v. Distributors, Inc.,* 256 N.C. 561, 564, 124 S.E. 2d 508.

A further error in the charge graphically illustrates the importance and necessity of complying with the requirements of G.S. 1-180. The judge instructed the jury:

> "The plaintiff contends that his intestate's death was proximately caused by the negligence of the defendant in that he failed to keep a proper lookout. There were other allegations of negligence in the complaint but it resolves itself to this allegation of negligence, and that is what is generally spoken of as careless and reckless driving, of which failure to keep a proper lookout could be considered, and is contended to be a part.
>
> . . . .
>
> "The plaintiff contends further, and in furtherance of that contention with respect to failure to keep a proper lookout that the defendant was driving his automobile in a manner that is commonly referred to as carelessly and recklessly, the statute pertaining to which I specifically call your attention, the plaintiff contending that the defendant drove his motor vehicle in violation of this statute in that he failed to keep the proper lookout that the law requires of a motorist along the highway."

The judge then read to the jury G.S. 20-140.

Failure to keep a proper lookout may be, but is not necessarily, a component of reckless driving. From the instructions given the jury could have, and probably did, conclude that they could not find that defendant was negligent, under the rule of the ordinarily prudent man, in failing to keep a reasonable lookout, unless they also found that he was guilty of reckless driving as defined by the statute. The evidence on this record is insufficient to support a finding of reckless driving. The judge below probably had in mind the statement in *Kolman v. Silbert,* 219 N.C. 134, 137, 12 S.E. 2d 915, that the reckless driving and speed control statutes "constitute the hub of the Motor Traffic Law around which all other provisions regulating the operation of automobiles revolve." This expression is true as a general proposition

and as applied in the *Kolman* case, in which there was abundant evidence of excessive speed and reckless operation. But it does not mean that the violation of any other common law or statutory rule or duty with respect to the operation of automobiles constitutes reckless driving, nor that damage arising from any such violation is not actionable unless it amounts to reckless driving. The court is not justified in giving instructions with respect to a principle of law, not applicable to the evidence, merely because a breach of such law has been pleaded. Before a breach of a particular law or duty may be submitted for jury determination, there must be both allegation and proof of such breach. One of the most important purposes of the charge is the elimination of irrelevant matters and cause of action or allegations as to which no evidence has been offered, and to thereby let the jury understand and appreciate the precise facts that are material and determinative. *Dunlap v. Lee*, 257 N.C. 447, 450, 126 S.E. 2d 62.

New trial.