MINNIE BELL NANCE, EXECUTRIX OF THE ESTATE OF FRANK MEBANE NANCE, DECEASED, v. JAMES DAVID WILLIAMS AND JAMES MILTON WILLIAMS

No. 6817SC323

(Filed 18 September 1968)

1. Trial § 33— instruction must be supported by allegation and evidence
   It is error for the court to charge upon an abstract principle of law which is not presented by the allegations and evidence.

2. Trial § 32— purpose of the charge
   A prime purpose of the charge is to eliminate irrelevant matter or al-

legations not supported by evidence so that the jury may understand and appreciate the precise facts that are material and determinative.

**3. Automobiles §§ 43, 118— reckless driving — sufficiency of pleadings**

> To plead reckless driving effectively, a party must allege facts showing a violation of specific rules of the road in a criminally negligent manner, it being insufficient merely to allege reckless driving in the language of G.S. 20-140.

**4. Automobiles §§ 43, 118— reckless driving — sufficiency of pleadings**

> In an action for wrongful death, allegations that defendant driver failed to keep a proper lookout, failed to keep his vehicle under proper control and operated it along a wet highway at an excessive speed, together with an allegation of reckless driving in the language of G.S. 20-140, *are held* insufficient to present the question of defendant's violation of the reckless driving statute.

**5. Automobiles §§ 8, 90, 118— evidence insufficient for instruction on reckless driving**

> In a wrongful death action growing out of a rear-end collision, evidence that defendant was a quarter mile away when deceased drove his vehicle into the highway, that deceased traveled 90 feet down the highway before being struck from the rear by defendant's vehicle, and that defendant did not change his speed or direction before striking deceased although the left side was clear, while sufficient to make out a case of actionable negligence, *is held* insufficient to show culpable negligence justifying an instruction relating to a violation of G.S. 20-140.

**6. Automobiles § 90— negligence — reckless driving — instructions**

> An instruction on the issue of negligence which incorporates the provisions of G.S. 20-140 without further instructions upon what facts the jury might find from the evidence that would constitute reckless driving fails to comply with G.S. 1-180 and is erroneous.

APPEAL by defendants from *Godwin, S.J.,* at the March 1968 Civil Session of ROCKINGHAM Superior Court.

This is a civil action instituted by plaintiff executrix against the defendants to recover for the wrongful death of plaintiff's testate who was killed in a collision between a tractor operated by the deceased and an automobile operated by the defendant son and owned by the defendant father.

In her complaint, plaintiff alleges that the defendant son was operating the 1962 Chevrolet owned by his father about 7:30 a.m. on 10 December 1966 in a westerly direction along county road No. 1360 in Rockingham County; that at the time, the deceased was lawfully operating a farm tractor along the same road in the same direction; that the defendant son operated the family purpose automobile with-

out keeping a proper lookout, without keeping said car under proper control, and in a careless and reckless manner, in violation of G.S. 20-140; and that the defendant son drove into the back of the tractor, proximately causing the instant death of the deceased.

The defendants answered, denying negligence or violation of a statute in the operation of the car. As a further answer, the defendants alleged that the defendant son was operating the vehicle at a reasonable and prudent speed nearing the crest of a hill on Anglin Mill Road when plaintiff's testate pulled out from a driveway on the defendant's left side, slightly beyond the crest of the hill, into the path of said defendant; that the defendant son attempted to stop and drove to the left but hit the turn plow on the rear of the tractor with the front of his automobile; that the deceased was not visible to defendant driver prior to nearing the crest of the hill; and that if defendant was negligent, deceased was contributorily negligent in entering the road under those conditions.

The evidence favorable to the plaintiff tended to show that when the plaintiff's testate entered the highway, the defendants' car was then about a quarter of a mile away; that after entering the highway, the plaintiff's testate proceeded westerly down the road some 90 feet before being struck by the defendants' car; that the defendant driver "had his speed up" and "came on and . . . ran right into him"; that the speed of the defendant driver did not change, nor did his direction, though the left side was clear.

The evidence favorable to the defendants tended to show that the defendant son was traveling 40 to 45 miles per hour on a road familiar to him; that one was unable to see the driveway until nearly to the crest of the hill; that when he first saw the plaintiff's testate, his tractor was in both lanes of the road; that defendant driver left skid marks of 24 feet moving toward the center line, and that the automobile stopped almost immediately after hitting the turn plow.

The defendants' motion for judgment as of nonsuit was denied, the jury answered issues in favor of plaintiff, and defendants appealed from judgment on the verdict.

*Price, Osbourne & Johnson and Gwyn & Gwyn by Julius J. Gwyn for plaintiff appellee.*

*Jordan, Wright, Nichols, Caffrey & Hill by Karl N. Hill, Jr., for defendant appellants.*

BRITT, J.

The principal question presented is whether the pleadings and

evidence were sufficient to permit a charge to the jury on the violation of G.S. 20-140, the reckless driving statute.

[1, 2]    G.S. 1-180 requires the judge, in charging a petit jury in a civil or criminal action, to declare and explain the law arising on the evidence given in the case. It is error for the court to charge upon an abstract principle of law which is not presented by the allegations and evidence. *Motor Freight v. DuBose,* 260 N.C. 497, 113 S.E. 2d 129; *Carswell v. Lackey,* 253 N.C. 387, 117 S.E. 2d 51; *Andrews v. Sprott,* 249 N.C. 729, 107 S.E. 2d 560. A prime purpose of the charge is to eliminate irrelevant matter or allegations not supported by evidence so that the jury may understand and appreciate the precise facts that are material and determinative. *Dunlap v. Lee,* 257 N.C. 447, 126 S.E. 2d 62.

[3]    In *Roberts v. Freight Carriers,* 273 N.C. 600, 160 S.E. 2d 712, in an opinion by Sharp, J., we find the following:

> As we pointed out in *Ingle v. Transfer Corp.,* 271 N.C. 276, 283-284, 156 S.E. 2d 265, 271, allegations of reckless driving in the words of G.S. 20-140, without more, do not justify a charge on reckless driving. To plead reckless driving effectively, a party must allege facts which show that the other was violating specific rules of the road in a *criminally* negligent manner.

[4]    In her complaint, plaintiff's allegations of negligence declare (a) that defendant driver did not keep a proper lookout, (b) that he did not have his automobile under proper control and operated it along a wet highway at an excessive rate of speed, and (c) and (d) that he operated the car in violation of G.S. 20-140 (setting forth substantially the provisions of the statute).

[5]    The evidence in the instant case did not justify instructions relating to a violation of G.S. 20-140. Plaintiff's evidence, considered in the light most favorable to her, was sufficient to make out a case of actionable negligence but not one of culpable negligence. *State v. Cope,* 204 N.C. 28, 167 S.E. 456.

In *Dunlap v. Lee, supra,* the defendant ran into the rear of the plaintiff's car as plaintiff had stopped to allow a vehicle in front of plaintiff to turn off the road. Plaintiff offered no evidence as to the speed of the defendant, while the defendant testified to a speed of 40 miles per hour. The court held that while the fact of a rear-end collision offers some evidence of negligence, it is not sufficient to present the question of defendant's violation of G.S. 20-140, when the fact of accident is combined only with the failure to keep a proper lookout, and not with excessive speed or following too closely.

The evidence of recklessness in the instant case was no stronger than the evidence in *Dunlap*.

[6]    Even if the charge on G.S. 20-140 had been justified by the allegations and evidence, the instructions were improperly administered in this case. In his charge, the trial judge stated that plaintiff alleged and contended that the defendant driver violated the statute prohibiting reckless driving and then proceeded to give the substance of the statute. He then stated plaintiff's contentions regarding speed greater than was reasonable and prudent under the circumstances and failure of defendant driver to maintain a reasonable and proper lookout and to keep his car under proper control.

The charge then contains the following:

> Finally, as to the first issue, I instruct you that if the plaintiff has fulfilled the responsibility cast upon her by the law to the extent that the evidence by its quality and convincing power has satisfied you by its greater weight that at the time and place complained of, the defendant James David Williams was negligent in that he unlawfully or negligently operated a motor vehicle upon a public highway in Rockingham County, North Carolina, carelessly and heedlessly in willful and wanton disregard for the rights and safety of others or in that he drove any vehicle upon a highway in this county without due caution and circumspection and at a speed or in a manner as to endanger or be likely to endanger any person or property or in that he operated said vehicle at the time and place complained of and at a speed which was greater than was reasonable and prudent under the circumstances then and there existing or in that he failed to keep a reasonable lookout or in that he failed to have and keep said automobile under proper control at the time and place complained of; I say that if the plaintiff has proved any of those things and proven it by the greater weight of the evidence and has further proved by the greater weight of the evidence that the negligence of the defendant James David Williams in any one or more of those regards not only existed but that such negligence of the defendant James David Williams was one of the proximate causes of the collision between the automobile then and there operated by him and the farm tractor then and there operated by Frank Mebane Nance, it would be your duty to answer this first issue in the plaintiff's favor or "yes."

In *Roberts v. Freight Carriers, supra,* it is said:

If, however, a party has properly pleaded reckless driving and the judge undertakes to charge upon it, G.S. 1-180 requires him to tell the jury what facts they might find from the evidence would constitute reckless driving. It is not sufficient for the judge to read the statute and then (as he did here) leave it to the jury to apply the law to the facts and to decide for themselves what defendant's driver did, if anything, which constituted reckless driving.

We hold that neither the pleadings nor the evidence in this case justified instructions on reckless driving. *Roberts v. Freight Carriers, supra; Ingle v. Transfer Corp., supra; Electric Company v. Dennis,* 259 N.C. 354, 130 S.E. 2d 547.

Because of prejudicial errors in the charge, there must be a

New trial.

BROCK and PARKER, JJ., concur.