BRENDA ESTELLE FORD, MINOR BY HER NEXT FRIEND, JOHNNY FORD
v. WILLIE LLOYD JONES AND MARY ARMSTRONG HUMPHREY
AND
FRANCES RANDALL FORD v. WILLIE LLOYD JONES AND MARY
ARMSTRONG HUMPHREY

No. 695DC452

(Filed 17 December 1969)

1. **Negligence § 37— instructions on negligence — allegation and proof**

Before a breach of law or duty may be submitted for jury determination there must be both allegation and proof of such breach.

2. **Automobiles § 90— accident case — instructions — careless and reckless driving**

In an action arising out of a collision between the automobiles of plaintiff and defendant at an uncontrolled intersection, instruction as to plaintiff's careless and reckless driving in violation of G.S. 20-140 was properly submitted to the jury, where the evidence tended to show that plaintiff was a considerable distance from the intersection when she saw defendant's car approaching from her left at a high rate of speed, that plaintiff continued toward the intersection at an excessive speed and failed to apply her brakes until it was too late to avoid the collision, and that at the time of collision defendant had already entered the intersection and had the right of way.

3. **Trial § 33— instructions — applying statute to the evidence**

It is error for the trial court to read the provisions of a statute to the jury without giving an explanation thereof in connection with the evidence, where such explanation is necessary to inform the jury as to the meaning of the statute and as to its bearing on the case.

4. **Automobiles § 90— accident case — instructions — reckless driving**

Instructions on the issue of negligence which incorporate the provisions of the reckless driving statute, G.S. 20-140, without applying the statute to the evidence, *held* prejudicial.

APPEAL from *Tillery, District Judge,* April 1969 Civil Session, NEW HANOVER District Court.

These are civil actions arising from a collision between an automobile owned by plaintiff Frances Randall Ford and operated by her daughter, the minor plaintiff Brenda Estelle Ford, and an automobile owned by defendant Mary Armstrong Humphrey and operated by defendant Willie Lloyd Jones. The minor plaintiff's suit sought to recover damages for her personal injuries and her mother's suit was for damages to her automobile. Defendants answered in both cases denying agency and negligence. In the minor plaintiff's case defendant Jones counterclaimed to recover for his personal injuries and the defendant Humphrey counterclaimed for damages to her automobile. The cases were consolidated for trial.

The accident occurred at approximately 9:30 p.m., 20 August 1967, in an uncontrolled intersection in the City of Wilmington. The speed limit was 35 miles an hour. The plaintiffs' evidence tended to show that as the minor plaintiff approached the intersection she observed the defendants' vehicle approaching from her left at a speed in excess of 40 miles per hour. She immediately applied her brakes. Her car came to a stop just before the collision. The defendants' car continued into the intersection without reducing its speed and struck plaintiffs' car with sufficient force to turn it completely around in the intersection. There was an odor of alcohol about defendant Jones and about the car he was driving. The minor plaintiff stated on cross-examination that she first saw the lights of defendants' car moving toward the intersection at a high rate of speed when she was half a block from the intersection, but at that time she thought he would stop. She also admitted testifying on adverse examination that she did not swerve or blow her horn but just lifted her hands from the wheel and "let her go."

Defendants' evidence was that when defendant Jones got to the intersection plaintiffs' car was half way down the block; that Jones tried to clear the intersection but because his car did not have sufficient "pickup" and because of the high rate of speed of plaintiffs' vehicle he was unable to do so. Plaintiffs' car skidded 52 feet into the intersection before striking defendants' car in the right side. It continued skidding for an additional 14 feet after the collision. Both cars were extensively damaged.

The jury answered all issues against plaintiffs and awarded damages to defendants on their counterclaims. Plaintiffs appealed from the judgment entered on the verdict.

*Aaron Goldberg and Herbert P. Scott for plaintiff appellants.*

*James, James & Crossley by John F. Crossley for defendant appellees.*

GRAHAM, J.

After reviewing the evidence with commendable accuracy the court instructed the jury that the plaintiff was invoking the alleged violation by defendant of one or more statutes including the statute on reckless driving. The court then stated the provisions of the reckless driving statute (G.S. 20-140) and other statutes allegedly violated and charged:

"[T]hat if the plaintiff has fulfilled the responsibility put upon him by law to the extent that the evidence, by its quality and convincing power, has satisfied you by its greater weight, that at the time and place complained of the defendant Willie Jones was negligent either in respect to reckless driving or in failing to keep a proper lookout, or in failing to yield right of way as the court has defined those terms to you; that it would be your duty to answer the second issue 'YES'. If, on the other hand, the plaintiff has so failed to satisfy you as to one or all of those allegations or things, the court charges you it will be your duty to answer the second issue 'NO'."

In instructing as to the minor plaintiff's negligence the court stated: "I have given you earlier in this charge while discussing the second issue [negligence of defendant Jones] the law as it relates to reckless operation — reckless driving." The court then charged that if the jury found that on the occasion complained of the minor plaintiff operated her automobile on a public highway or street at the time and place complained of and was negligent in that she drove her automobile recklessly or violated other enumerated statutes and that such act or acts was a proximate cause of the collision the issue as to the minor plaintiff's negligence should be answered yes.

Plaintiffs assign as error the summarized portions of the charge contending that (1) the evidence was insufficient to support a charge as to reckless driving and (2) that if the evidence was sufficient the court nevertheless erred by failing to adequately explain the law of reckless driving and to apply the law to the facts of the case.

[1]    Before a breach of law or duty may be submitted for jury determination there must be both allegation and proof of such breach. *Motor Freight v. DuBose*, 260 N.C. 497, 113 S.E. 2d 129; *Sugg v. Baker*, 258 N.C. 333, 128 S.E. 2d 595. Where there is no evidence that the person charged with negligence drove his vehicle in such a manner as to constitute reckless driving it is error for the court to charge that reckless driving is an element of negligence to be considered by the jury. *Roberts v. Freight Carriers*, 273 N.C. 600, 160

S.E. 2d 712; *Williams v. Boulerice,* 269 N.C. 499, 153 S.E. 2d 95; *Dunlap v. Lee,* 257 N.C. 447, 126 S.E. 2d 62; *Nance v. Williams,* 2 N.C. App. 345, 163 S.E. 2d 47.

**[2]** We conclude that the evidence and pleadings in this case afford a basis for an instruction on reckless driving as an element of negligence. There was evidence from which the jury could find that when the minor plaintiff was a considerable distance from the intersection she saw defendants' car approaching the intersection at a high rate of speed and that she nevertheless continued toward the intersection at an excessive and unlawful speed; that she failed to apply her brakes or bring her car under control until it was too late to avoid the collision; and that she entered the intersection and struck defendants' vehicle in the side at a time when defendants' vehicle was already in the intersection and had the right of way. The jury could further find that such acts import a thoughtless disregard for the consequences or a heedless indifference to the safety and rights of others. Such findings would support a conclusion that the minor plaintiff operated her car in violation of G.S. 20-140. That would constitute negligence *per se* and, if a proximate cause of the collision, would constitute actionable negligence.

**[3, 4]** We further conclude, however, that the instructions given were insufficient in that the court did not adequately explain the law of reckless driving and did not explain to the jury, as required by G.S. 1-180, what facts they might find from the evidence that would constitute reckless driving. It is error for a trial court to read the provisions of a statute to a jury without giving an explanation thereof in connection with the evidence where such explanation is necessary to inform the jury as to the meaning of the statute and as to its bearing on the case. *Lewis v. Watson,* 229 N.C. 20, 47 S.E. 2d 484; *Toler v. Brink's, Inc.,* 1 N.C. App. 315, 161 S.E. 2d 208. The jury must not be left to apply the law to the facts and to decide for themselves what the party did, if anything, which would constitute reckless driving. *Roberts v. Freight Carriers, supra; Ingle v. Transfer Corp.,* 271 N.C. 276, 156 S.E. 2d 265; *Sugg v. Baker, supra; Dunlap v. Lee, supra.*

The charge given by the court here is similar to instructions considered and found defective in other recent cases. *Roberts v. Freight Carriers, supra; Ingle v. Transfer Corp., supra; Nance v. Williams, supra.* We find the following in *Ingle v. Transfer Corp., supra* at p. 284:

> "The language in each section of the reckless driving statute, G.S. 20-140, defines culpable negligence. *Dunlap v. Lee, supra.* 'Culpable negligence is such recklessness or carlessness, prox-

imately resulting in injury or death, as imports a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others.' *State v. Cope*, 204 N.C. 28, 30, 167 S.E. 456, 458. The intentional, wilful or wanton violation of a safety statute or ordinance which proximately results in injury is culpable negligence; an unintentional violation, unaccompanied by recklessness or probable consequences of a dangerous nature, when tested by the rule of reasonable prevision, is not. *State v. Cope, supra.*"

In *Roberts v. Freight Carriers, supra,* Sharp, J., stated at p. 609:

"Once the judge has given the jury the instructions which the pleadings and evidence require on the law of civil negligence, there is no need for him to superimpose an explanation of the law of criminal negligence. If plaintiff's evidence does not establish civil negligence, *a fortiori,* it will not prove reckless driving, which is criminal negligence. If, however, a party has properly pleaded reckless driving and the judge undertakes to charge upon it, G.S. 1-180 requires him to tell the jury what facts they might find from the evidence would constitute reckless driving. It is not sufficient for the judge to read the statute and then (as he did here) leave it to the jury to apply the law to the facts and to decide for themselves what defendant's driver did, if anything, which constituted reckless driving."

We hold that the portion of the charge excepted to constitutes prejudicial error requiring a new trial.

New trial.

CAMPBELL and PARKER, JJ., concur.