RUSSELL WILDER v. CECIL EARL EDWARDS

No. 709SC111

(Filed 1 April 1970)

1. Evidence § 14;   Appeal and Error § 48——   pedestrian accident — evidence of pedestrian's intoxication — hospital record

   In a pedestrian's action to recover damages for injuries sustained when struck by an automobile, testimony that an entry on the hospital record made by the pedestrian's examining physician following the collision disclosed that the pedestrian's breath smelled heavily of alcohol, *held* not prejudicial to the pedestrian even though the testimony was admitted without a finding by the trial court that it was necessary to a proper administration of justice, G.S. 8-53, since both plaintiff and his only witness had previously testified that plaintiff had consumed a quantity of beer shortly before the accident.

2. Appeal and Error § 48——   admission of evidence — prejudicial error

   In order to obtain a new trial for error in the admission of evidence,

the appellant must show that the evidence was prejudicial to his cause of action or defense.

**3. Automobiles § 90; Appeal and Error § 50— instructions on contributory negligence — prejudicial error**

Possible error in the instructions on the issue of plaintiff's contributory negligence in an automobile accident case was not prejudicial to plaintiff, since the jury did not reach the issue of contributory negligence.

**4. Automobiles § 90— pedestrian accident — instructions — defendant's careless and reckless driving**

In plaintiff pedestrian's action to recover damages for injuries sustained when struck by an automobile, plaintiff's evidence *is held* insufficient to justify an instruction on careless and reckless driving by the defendant.

APPEAL by plaintiff from *Hall, J.,* September 1969 Civil Session, Superior Court of FRANKLIN County.

Plaintiff filed complaint on 18 August 1966 seeking recovery for damages resulting from injuries allegedly sustained when he was struck by an automobile being driven by defendant. Plaintiff alleged that he was walking on the shoulder of the highway, facing the automobile approaching him, and "as the automobile came within a few feet of plaintiff, the defendant suddenly, unlawfully and negligently drove said automobile onto the south dirt shoulder of the road striking plaintiff and throwing him into the air with such great force and violence that plaintiff's head hit the right portion of the windshield of defendant's automobile and that plaintiff was dragged a distance of eighteen (18) feet before falling from the automobile" as a result of which the plaintiff received the injuries complained of.

Defendant answered, denying any negligence on his part, and, as a further answer and defense, averred that any injuries sustained by plaintiff were the direct and proximate result of plaintiff's own negligence. Defendant averred that he was driving on his right side of the road, with his headlights on dim as he was about to pass an approaching vehicle; that "as he was approximately passing" the vehicle, he saw a person, whom he later learned to be the plaintiff, walking near the center of his lane of traffic; that he immediately applied his brakes and turned his automobile to the left in an effort to avoid colliding with plaintiff but a portion of the right front fender of his automobile came in contact with the plaintiff who thereafter hit the right portion of the automobile windshield and a part of the right side of the automobile; that at the time the plaintiff had consumed a quantity of some intoxicating beverage and was under the influence thereof.

In addition to pleading the negligence of plaintiff as the sole

proximate cause of his injuries, defendant also set up the plea of contributory negligence.

The jury answered the first issue as to defendant's negligence in favor of the defendant and, therefore, did not reach the issues as to contributory negligence and damages.

Plaintiff appealed.

*Hubert H. Senter, for plaintiff appellant.*

*Spears, Spears, Barnes and Baker, by Marshall T. Spears, Jr., for defendant appellee.*

MORRIS, J.

**[1]** Defendant called as a witness the administrator of the hospital to which plaintiff was taken immediately after the collision. He testified, after being properly qualified, that Dr. John Lloyd practiced at the hospital at the time plaintiff was admitted but had died prior to the trial of this matter; that according to the records, Dr. Lloyd had treated and served the plaintiff on the night of the accident. The record discloses the following immediately thereafter:

"Q. I will direct your attention to part of your record relating to the investigation or information obtained when Russell Wilder was brought into the Hospital on that evening, would you please read the entries concerning what was found when he was first brought in?

PLAINTIFF OBJECTS    OVERRULED BY THE COURT
(EXCEPTION #3)

Q. You may answer.

A. 'General appearance, extremely rigid adult colored male in profound shock, heavy alcohol odor to breath, not oriented or at all cooperative.'

Q. Did it go on in that record to show in a summary other things that were done for him on that evening by Dr. Lloyd?

A. Yes, the treatment.

Q. I have no further questions."

**[1, 2]** Plaintiff earnestly contends that the court committed error in allowing the evidence to be heard by the jury and bases his assignment of error on the ground that this constituted a privileged communication within the purview of G.S. 8-53. Conceding, without deciding, that the evidence was not properly admissible without a

finding by the trial court that it was necessary to a proper administration of justice, plaintiff made no motion to strike the answer [see *Carpenter, Solicitor v. Boyles,* 213 N.C. 432, 196 S.E. 850 (1938)], nor has plaintiff shown how the admission of the testimony was prejudicial. It appears that both plaintiff and his only witness had testified that a short time prior to the collision the plaintiff had consumed a quantity of beer. There was also evidence from the patrolman who investigated the accident and from the defendant that plaintiff's companion and witness had stated that the plaintiff was "drinking plenty". All of this evidence came in without objection prior to the evidence, the admission of which plaintiff now assigns as error, and disclosed the identical information sought to be elicited from the hospital record. Hence the ruling of the trial judge with respect to the testimony from the record cannot be held for prejudicial error. *Sawyer v. Weskett,* 201 N.C. 500, 160 S.E. 575 (1931). It is elementary that in order to obtain a new trial for error of the trial judge in admitting evidence, the appellant must show that the evidence was prejudicial to his cause of action or defense. *Hunt v. Wooten,* 238 N.C. 42, 76 S.E. 2d 326 (1953). This the appellant has failed to do. This assignment of error is, therefore, overruled.

[3]   Appellant next contends that in its instructions to the jury, the court expressed an opinion. The portion of the charge to which plaintiff excepts is as follows: "The plaintiff, on the other hand, contends that you ought not to be satisfied by the greater weight of the evidence that he was negligent, or that his negligence in any way contributed to his injuries, and he contends that you ought to answer it 'no'." This was a portion of the charge on the second issue. We do not agree that the portion of the charge constitutes an expression of opinion, but even if it did, the plaintiff has again failed to show prejudice. The jury did not reach the second issue and plaintiff could not have been prejudiced by the statement plaintiff contends was the expression of an opinion. This assignment of error is without merit.

[4]   The remaining assignment of error is that the court failed to charge the jury on careless and reckless driving as alleged in plaintiff's complaint and testified to by plaintiff at trial. It is true that plaintiff does allege in his complaint that defendant drove his car "carelessly and heedlessly in wilful and wanton disregard of the rights and safety of others and without due caution and circumspection and at a speed and in a manner so as to endanger or be likely to endanger the plaintiff and other persons and property upon said highway, in violation of North Carolina G.S. 20-140." The only evidence of plaintiff as to how the accident occurred came from the

plaintiff himself. He testified that he was walking on the shoulder of the road about eight feet from the paved portion. "I saw the car coming from towards Franklinton as I was walking along the highway. I had on a grey overcoat, a cap and high top shoes. I saw the car coming towards me and stepped over to the side because you are supposed to. I saw the car coming towards me; it didn't do anything and I was hit; that is all I know." Even if plaintiff's pleadings are sufficient to allege reckless driving, we do not believe that plaintiff's evidence is sufficient to show a wilful or wanton disregard for the rights or safety of others nor operation at a speed or in a manner so as to endanger or be likely to endanger other persons. From plaintiff's evidence, it can be inferred only that defendant's car left the highway and went on the shoulder of the road where plaintiff was walking. Defendant's evidence was that the paved portion of the road was 18 feet wide and that the shoulders were eight and one-half feet wide. He was driving at a speed of about 45 or 50 miles per hour because he was not accustomed to the road. He was meeting a car and his headlights were on low beam. He could not see anything in front of him very far but when the other car got close enough so that its headlights were out of defendant's eyes, he saw a man about 10 or 15 yards in front of him almost in the center of his lane. He applied his brakes and swerved toward the car he was meeting "but it wasn't far enough." Under the evidence in this case, we consider a charge on reckless driving unnecessary. Nor did plaintiff at trial request additional instructions. See *Miller v. Henry,* 270 N.C. 97, 153 S.E. 2d 798 (1967).

The jury found that plaintiff had failed to prove his claim. We find no real substance in plaintiff's contentions on appeal and hold that the trial was free from prejudicial error.

No error.

MALLARD, C.J., and VAUGHN, J., concur.