ELIGHUE BRYANT HUGGINS v. LEE KYE

No. 705SC654

(Filed 30 December 1970)

1. Automobiles §§ 11, 90— rear-end collision case — instructions — follow-
   ing too closely

   Plaintiff's evidence in a rear-end collision case warranted an in-
   struction on the issue of defendant's negligence in following plaintiff's
   vehicle too closely, where plaintiff testified that he was traveling in
   the inside lane of a southbound highway; that defendant was traveling
   in the outside lane of the same highway; and that, as plaintiff's car
   came to a stop in obedience to a traffic signal, defendant's car
   pulled in behind plaintiff's car and then violently collided into the rear
   of plaintiff's car. G.S. 20-152.

2. Rules of Civil Procedure § 51— charge to the jury — application of law
   to the evidence

   In charging the jury in a civil action, the judge must declare and
   explain the law arising on the evidence given in the case. G.S. 1A-1,
   Rule 51(a).

   Judge CAMPBELL dissenting.

APPEAL by defendant from *Tillery, J.,* May 1970 Session,
NEW HANOVER Superior Court.

This is a civil action to recover for personal injuries arising
out of a collision which occurred around 1:38 p.m. on 12 Septem-
ber 1959 in the City of Wilmington between a Ford operated by
plaintiff and a Cadillac operated by defendant. Plaintiff alleged,
in pertinent part, as follows: He was operating the Ford in a
southerly direction on Carolina Beach Road when a traffic con-
trol light emitted a red signal. In obedience to the signal plain-
tiff stopped the Ford some 12 feet behind a preceding vehicle. A
short time thereafter, defendant, operating the Cadillac in the
same direction, violently drove the Cadillac into the rear of the
Ford, resulting in serious and painful injuries to plaintiff. The
collision and plaintiff's injuries were proximately caused by de-
fendant's negligence, particularly his (1) careless and reckless
driving in violation of G.S. 20-140, (2) operating his vehicle at
a speed greater than was reasonable under existing conditions,
in violation of G.S. 20-141, (3) following too closely, in viola-
tion of G.S. 20-152, and (4) failing to keep a proper lookout.

In his answer defendant pleaded the "Sudden Emergency
Doctrine" alleging that: Defendant was proceeding on Carolina

Beach Road in a southerly direction and the cars in front of him were stopping for a red light. As defendant was about to stop, a bee entered his car and lighted on defendant's neck. Defendant is extremely allergic to bee stings and for fear that a bee sting might prove fatal for him, defendant struck at the bee who then got between defendant's eyeglass and his eye. Thereupon, as defendant twisted to his left in an effort to rid himself of the bee, defendant's foot slipped from the brake and onto the accelerator of the Cadillac, resulting in the collision.

Both parties presented evidence. Issues of negligence and amount of damages were submitted to the jury who answered the first issue in the affirmative and the second issue $30,000. From judgment entered on the verdict, defendant appealed.

*Hogue, Hill and Rowe by William L. Hill II for plaintiff appellee.*

*Goldberg and Scott by Herbert P. Scott and Poisson, Barnhill and Jackson by M. V. Barnhill, Jr. for defendant appellant.*

BRITT, Judge.

[1]  In his assignment of error number five defendant contends the trial court erred in charging the jury on following too closely for that there was no evidence to support the charge, and in failing to apply the law to the evidence as required by statute.

Evidence for plaintiff pertinent to this assignment tended to show: The collision in question occurred just north of a crosswalk near Greenfield Park in the City of Wilmington. Carolina Beach Road at this point had four vehicular traffic lanes, two for southbound traffic and two for nothbound traffic. Southbound traffic (and presumably northbound traffic) at the crosswalk was controlled by electric signal lights. As plaintiff approached the crosswalk, the light turned red for southbound traffic; traffic ahead of plaintiff stopped and he came to a complete stop some ten feet behind the car immediately in front of him. While plaintiff was applying his brakes preparatory to stopping, he saw through his rearview mirror two cars following him at a distance of some 200 or 300 feet; one car, a 1955 Ford, was in the left lane directly behind plaintiff and the other, the Cadillac driven by defendant, was in the right lane. Plaintiff observed the two cars behind him until they were between 100 feet and 175 feet from the point of collision; when he last observed the two cars, defendant was "a little ahead" in the

right lane. The Cadillac ran into the back of the Ford plaintiff was driving with such force that the impact "broke the seat loose" from the frame. The right front of the Cadillac was damaged all the way across the radiator which was knocked back into the motor and was "steaming water." The Ford plaintiff was driving was knocked into the car in front of it, causing considerable damage to the front and rear of the Ford.

Evidence for defendant pertinent to this assignment tended to show: As defendant approached the red light at the crosswalk, he pulled in behind the car driven by plaintiff. At that time a bee flew into defendant's window and lit on defendants' neck. Defendant hit the bee and it then got under defendant's glasses. Defendant then turned his head after which his foot slipped off the brake and onto the accelerator. Defendant was stopped at the time the bee entered his car and other traffic was stopped. Defendant was highly allergic to bee stings and had been advised by his physician that a be sting could be fatal.

[2] G.S. 1A-1, Rule 51(a), requires the judge, in charging a jury in a civil action, to declare and explain the law arising on the evidence given in the case. Numerous decisions of our Supreme Court and of this court have established the rule that it is error for the trial court to charge upon an abstract principle of law which is not presented by the allegations and evidence; the following cases are illustrative: *Motor Freight v. DuBose,* 260 N.C. 497, 133 S.E. 2d 129 (1953), where the court charged on but there was no evidence that defendant failed to give a signal for a left turn or was speeding; *White v. Cothran,* 260 N.C. 510, 133 S.E. 2d 132 (1963), where the court charged on statute requiring hand signals to indicate turning movements where traffic lights and not the statute controlled at an intersection; *Dunlap v. Lee,* 257 N.C. 447, 126 S.E. 2d 62 (1962), where the court charged on reckless driving when there was no evidence of excessive speed or perilous operation; and *Nance v. Williams,* 2 N.C. App. 345, 163 S.E. 2d 47 (1968), where court charged on reckless driving and there was insufficient evidence to present this question.

Although we recognize that the rule above stated is well settled in this jurisdiction, we think the decision of the Supreme Court in *Smith v. Rawlins,* 253 N.C. 67, 116 S.E. 2d 184 (1960), is controlling in the case at bar. In that case the evidence tended

to show that plaintiff, while driving in a line of traffic, stopped when some four cars ahead of him stopped, and that after he had been stopped in the line of traffic for some thirty seconds, he was struck from the rear by an automobile driven by defendant; the court held that the evidence was sufficient to be submitted to the jury on the issue of defendant's negligence in following plaintiff's vehicle too closely or in failing to keep a proper lookout. In that opinion, written by Parker, Justice, (later Chief Justice), we find:

> "Accepting plaintiff's evidence as true * * * * * * * it permits a legitimate inference by a jury that defendant was following plaintiff's automobile ahead more closely than was reasonable and prudent, with regard for the safety of others and due regard to the speed of such vehicles ahead and the traffic upon and the condition of the highway, or was not keeping a reasonably careful lookout considering the conditions then and there existing, so as to avoid collision with plaintiff's automobile ahead, and that such negligence proximately contributed to plaintiff's injuries and damage to his automobile. 10 Blashfield Cyclopedia of Automobile Law and Practice, Per. Ed., Vol. 10, p. 600, says: 'The mere fact of a collision with a vehicle ahead furnishes some evidence that the following motorist was negligent as to speed or was following too closely.' "

Defendant's assignment of error number five is overruled.

We have carefully considered the other assignments of error brought forward and argued in defendant's brief but conclude that they are likewise without merit; they are all overruled.

No error.

Judge HEDRICK concurs.

Judge CAMPBELL dissents.

Judge CAMPBELL dissenting:

As I read the record in this case, the plaintiff, when stopping his automobile pursuant to a traffic control signal, was in the inside lane of a four-lane road with two lanes going in

each direction. The automobile of the plaintiff occupied the inside or center lane. At that time the plaintiff observed in his rearview mirror two automobiles approaching from his rear but a considerable distance away. The automobile in the lane occupied by the plaintiff was a Ford automobile. The Cadillac automobile driven by the defendant was not even in the lane occupied by the plaintiff's vehicle, but to the contrary was in the outside or curb lane. Thereafter, and before reaching the point at which the plaintiff's vehicle was stopped, the defendant changed lanes so that he got into the lane occupied by the plaintiff's vehicle. Thereafter, the plaintiff's vehicle was struck from the rear by the defendant's vehicle resulting in the alleged personal injuries sustained by the plaintiff. There is nothing in the plaintiff's testimony that calls into play the statute, G.S. 20-152, which prohibits operating a vehicle behind another vehicle more closely than is reasonable and prudent. The facts in this case do not make that statute in any way applicable. It was prejudicial error on the part of the trial judge to instruct the jury to the effect that such statute did apply when it was not applicable. I think the facts in this case clearly distinguish it from the case of *Smith v. Rawlins*, 253 N.C. 67, 116 S.E. 2d 184 (1960). In my opinion the other cases referred to in the majority opinion are controlling, and it was prejudicial on the part of the trial court to charge upon an abstract principle of law which was not presented by the evidence.

For the prejudicial error that was committed, I think a new trial should be awarded and hence this dissent.