MARGARET E. HAYNES v. TRENT BUSBY AND WIFE, LOIS MILES BUSBY

No. 7219SC273

(Filed 28 June 1972)

**1. Automobiles § 56— striking stopped vehicle — negligence**

The evidence was sufficient for submission to the jury on the issue of defendant's negligence where it tended to show that defendant had just passed an intersection at 10 mph when a cake beside her started slipping from the seat, that defendant reached over to get the cake, and that she did not see plaintiff's vehicle stop ahead of her and ran into the rear of it.

**2. Automobiles § 90— instructions on reckless driving — insufficiency of evidence**

The trial court erred in instructing the jury on careless and reckless driving where the evidence tended to show only that, while traveling 10 mph, defendant was distracted when a cake beside her started slipping from the seat and that she struck the rear of plaintiff's vehicle which had stopped ahead of her, since the failure to keep a reasonable lookout does not constitute reckless driving unless accompanied by dangerous speed or perilous operation.

APPEAL by defendants from *Collier, Judge,* September 1971 Civil Session of ROWAN Superior Court.

Plaintiff seeks damages for personal injuries allegedly suffered as the result of an automobile accident on 9 March 1967 when a vehicle operated by the feme defendant (Mrs. Busby) collided with the rear of an automobile operated by plaintiff. Following a trial, jury verdict and judgment for $22,500 in favor of plaintiff, defendants appealed.

*Burke & Donaldson by George L. Burke, Jr., for plaintiff appellee.*

*Woodson, Hudson, Busby & Sayers by Donald D. Sayers for defendant appellants.*

BRITT, Judge.

[1] Defendants assign as error the failure of the court to grant their motions for directed verdict, judgment *non obstante veredicto* or for a new trial on the grounds that all the evidence fails to show that defendants were negligent.

Haynes v. Busby

Plaintiff's evidence tended to show: Plaintiff was driving north on Fulton Street in Salisbury, N. C.; there was a continual flow of traffic in both lanes; plaintiff stopped at the intersection of Fulton and West Innes Streets for a stoplight; when the light changed plaintiff proceeded across the intersection then slowed, signaled and stopped because the car in front of her had stopped. The car driven by Mrs. Busby collided with the rear of plaintiff's car. Plaintiff stated she could not have reached a speed of over ten miles per hour.

Mrs. Busby stated to the investigating officer that she was driving about 10 m.p.h. as she passed through the intersection of Fulton and West Innes Streets; that as she traveled just north of the intersection a cake that she had beside her was slipping from the seat and she reached over to get the cake to pull it back on the seat; that she did not see the vehicle in front of her slow down or stop and she ran into the rear of it. She did not have time to apply her brakes.

At a pretrial conference defendants admitted that Mrs. Busby was charged by the Salisbury Police Department with "failing to reduce speed to avoid an accident" and that she pleaded guilty to the charge.

Defendants' evidence was to the effect that the cake started slipping; that it distracted Mrs. Busby for an instant; that when she looked forward again plaintiff had slowed down and Mrs. Busby was unable to apply the brakes of her vehicle fast enough to keep from hitting the rear of plaintiff's vehicle. At the time of impact Mrs. Busby had attained a speed of no more than 10 m.p.h., after having stopped for the traffic light at the intersection.

We hold that when the above evidence is considered in the light most favorable to plaintiff it is plenary to warrant submission of the issue of negligence to the jury and the court did not err in denying defendants' motions for directed verdict, judgment n.o.v. or for a new trial based on insufficient evidence of negligence. See *Sawyer v. Shackleford*, 8 N.C. App. 631, 175 S.E. 2d 305 (1970), cert. den. 277 N.C. 112 (1970); *Musgrave v. Savings & Loan Assoc.*, 8 N.C. App, 385, 174 S.E. 2d 820 (1970).

[2] Defendants contend that the trial court erred in instructing the jury on the question of careless and reckless driving in

violation of G.S. 20-140 as the instruction is not supported by the evidence. This assignment of error is well taken.

In *Ingle v. Transfer Corp.*, 271 N.C. 276, 156 S.E. 2d 265 (1967) the court held: " 'Mere failure to keep a reasonable lookout does not constitute reckless driving. To this must be added dangerous speed or perilous operation.' (Citation) Neither the intentional nor the unintentional violation of a traffic law *without more* constitutes reckless driving." (Citations) "The intentional, wilful or wanton violation of a safety statute or ordinance which proximately results in injury is culpable negligence; an unintentional violation, unaccompanied by recklessness or probable consequences of a dangerous nature, when tested by the rule of reasonable provision, is not." (Citation) A new trial was awarded in *Ingle* for failure to charge correctly on reckless driving. See the following cases in which the court held the evidence failed to support jury instructions on reckless driving: *Roberts v. Freight Carriers*, 273 N.C. 600, 160 S.E. 2d 712 (1968); *Williams v. Boulerice*, 269 N.C. 499, 153 S.E. 2d 95 (1967); *Wilder v. Edwards*, 7 N.C. App. 513, 173 S.E. 2d 72 (1970); *Ford v. Jones*, 6 N.C. App. 722, 171 S.E. 2d 103 (1969); *Nance v. Williams*, 2 N.C. App. 345, 163 S.E. 2d 47 (1968).

In *Dunlap v. Lee*, 257 N.C. 447, 126 S.E. 2d 62 (1962), the court held it was error to charge on reckless driving on the evidence in that case. The court stated: "A person may violate the reckless driving statute by either one of the two courses of conduct defined in subsections (a) and (b), or in both respects. (Citation) The language of each subsection constitutes culpable negligence. (Citation) Culpable negligence is such recklessness or carelessness, proximately resulting in injury or death, as imports a thoughtless disregard of consequence or heedless indifference to the safety and rights of others." (Citation) In the Dunlap case, both cars were traveling between 35 and 40 miles per hour. "The impact was relatively slight." The court went on to say, " (d)efendant's testimony permits the inference that he was not keeping a reasonable lookout. There is no direct evidence in the record of excessive speed or that defendant was following too closely; the direct evidence is to the contrary. The evidence does not support the allegation of reckless driving." We think the evidence of reckless driving was stronger in *Dunlap* than the evidence presented in the case at bar,

---

therefore, we hold that the jury instruction on reckless driving was erroneous entitling defendants to a new trial.

Defendants brought forward and argued several other assignments of error but since they probably will not arise upon a new trial, they will not be discussed.

For the reasons stated we order a

New trial.

Judges PARKER and HEDRICK concur.